BURDEN CENTRAL SUGAR–REFINING CO. v. FERRIS SUGAR–MFG. CO., Limited, et al.

(Circuit Court of Appeals, Fifth Circuit. April 12, 1898.)

No. 684.

COUNSEL FEES—SUIT AGAINST INSOLVENT CORPORATIONS—PAYMENT FROM GENERAL FUND.

The solicitors for a creditor commenced a suit against an insolvent corporation, in its behalf, and in behalf of all other creditors who might intervene and contribute to the expense, and procured the appointment of a receiver. Subsequently they carried on other litigation in the name of their client, but to the benefit of the creditors. *Held*, that they were entitled to compensation out of the general fund for the services rendered after, as well as those rendered before, the appointment of the receiver.

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

On the 4th day of January, 1895, the complainant brought its bill against the Ferris Sugar-Manufacturing Company, Limited, and procured the appointment of a receiver thereof. The bill was brought in behalf of the complainant, a creditor of the corporation, and in behalf of all other creditors thereof who might join in the suit and contribute to the expense. The answer of the defendant company was a virtual confession of its insolvency. Since the appointment of the receiver the administration of its affairs has been conducted under the direction of the court a qua. A number of interventions have been filed by parties alleging themselves to be creditors of the defendant corporation, some of which resulted in protracted litigation, and were carried to the circuit court of appeals, and thence to the supreme court of the United States. On the 24th of May, 1897, it was ordered that the receiver and the complainant, and any other person claiming fees and allowances for themselves and their solicitors in this case, go before the master within 10 days from the date of the decree, and present their claims therefor. After hearing, the master reported, recommending the allowance of $5,000 as compensation for services rendered by Rouse and Grant, solicitors for the complainant, to be paid out of the fund brought into court. Exceptions were filed to the master's report by John H. Murphy, one of the interveners, and the Reading Iron Company, also an intervener; the exceptions being to the conclusion of the master that the fund was chargeable with the fees of Rouse and Grant, solicitors for the complainant, for services rendered after the appointment of a receiver; it being admitted that the fund was chargeable with the sum of $1,500 for their services up to and including the appointment of the receiver. The exceptions were argued and maintained in the court below upon the ground, as expressed in the opinion and decree, that the solicitors for the complainant are entitled to counsel fees, as against the receiver, only for services up to and including the appointment of the receiver, and that they are not entitled herein to counsel fees thereafter; and to that extent the court sustained the master's report, and maintained the same so as to fix the allowance of Rouse and Grant for counsel fees, to be paid out of the receivership, at the sum of $1,500. The complainant appealed from the decree, and made the following assignment of errors: (1) "Said circuit court erred in sustaining the exceptions to the master's report, when they ought to have been overruled, and the report confirmed." (2) "Said circuit court erred in holding that the appellants were entitled to be paid out of the fund impounded herein only the value of the services rendered by complainant's solicitors up to and including the appointment of the receiver, and not for services thereafter rendered on behalf of all parties in interest."

John D. Rouse and Wm. Grant, for appellant.

Chas. P. Fenner, Frank McCloin, and W. H. Saunders, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

SWAYNE, District Judge, after stating the facts, delivered the opinion of the court.

It is a familiar and well-established doctrine of equity that, where a suit has been instituted and carried on for the benefit of many, all who come in to avail themselves of the benefits of the decree obtained under the litigation shall bear their proportion of the expense. The bill in this case was filed, not only in behalf of the complainant, but of all other creditors of the defendant corporation who might join in the suit and contribute to the expense thereof. The exceptors to the master's report intervened in this case, and were admitted upon that condition, and therefore must pay their proportionate share of the expense of the litigation. One jointly interested with others in a common fund, who in good faith maintains the necessary litigation to save it from waste, and secures its proper application, is entitled in equity to the reimbursement of his costs, as between the solicitor and

the client, either out of the fund itself, or by proportionate contributions from those who received the benefits of the litigation. Trustees v. Greenough, 105 U. S. 527; Railroad Co. v. Pettus, 113 U. S. 116, 5 Sup. Ct. 387; Hobbs v. McLean, 117 U. S. 567, 6 Sup. Ct. 870; Harrison v. Perea, 168 U. S. 325, 18 Sup. Ct. 129; Trust Co. v. Green, 24 C. C. A. 506, 79 Fed. 224. From the brief filed by the appellees, and from their oral argument at bar, the court understands their contention to be that it was the duty of the receiver to litigate these questions; and inasmuch as an allowance had been made to his counsel for services, out of the fund, therefore, complainant's solicitors should not receive anything after the appointment of the receiver. But it was the duty of the complainant to act in behalf of all creditors standing in a similar position, to see that their rights were protected in the final decree, and to prosecute the suit to a final distribution, and to defend and otherwise protect the fund. Having initiated the litigation on behalf of the creditors, it is his duty to prosecute it in the common interest to a termination, and to protect the fund, as far as he can, against unfounded claims for preference. He is made a party to the interventions. It has not been questioned that the complainant's solicitors conducted the litigation in this case from the filing of the bill to the final decree, and its solicitors appeared before the master, and contested all claims of the interveners, so far as they appeared to be without merit, and when they sought priority not thought to be sanctioned by law. One most important intervention, for a claim of about $26,000, was successfully defeated, partly through their efforts, the benefits of which went largely to the exceptors herein. It certainly must be admitted that the complainant had control of the litigation from the beginning to the end, and was not displaced by the appointment of the receiver, and that the receiver is only the hand of the court, to take and hold, for the purpose of its administration, the assets brought into court through process of the complainant, without right to have any voice in the conduct of the litigation. We think that the master was correct when he found that the services of complainant's solicitors rendered subsequently to the appointment of the receiver were for the benefit of the creditors, and to the interest of the fund brought into court, and therefore he should be paid out of the fund, and that the court, in sustaining the exceptions to the award of $5,000, as recommended by the master, was in error, and the decree should be reversed. It is therefore ordered that so much of the decree as awards the sum of $1,500 to complainant's solicitors, Grant and Rouse, for services up to and including the appointment of the receiver, is affirmed, and so much of said decree as overrules the allowance to them for said services after the appointment of the receiver is reversed, and the cause is remanded, with instructions to allow, after hearing the parties, such additional compensation for complainant's solicitors as may be proper and just for services rendered after the appointment of the receiver, in accordance with the above opinion.