## BUTLER v. CONWELL, AS RECEIVER.

PLEADING—DEMURRER—MOTION TO MAKE MORE DEFINITE AND CERTAIN—RECEIVERS—FUNDS COLLECTED BY CREDITORS—LIEN UPON FUND FOR ATTORNEY FEES—SUFFICIENCY OF PETITION TO ESTABLISH LIEN FOR ATTORNEY FEES UPON A COMMON FUND.

1. In a suit to establish a lien for attorney's fees upon a fund alleged to have been recovered by the plaintiff on the employment and at the request of creditors and placed in the hands of the receiver of an insolvent partnership, the petition is not subject to a general demurrer for failing to set forth the means used to secure the fund, or the source from which it was derived, but if an allegation as to such facts be deemed necessary the defect should be reached by motion to make more definite and certain.

2. Where one of many parties having a common interest in a trust fund, at his own expense takes proper proceedings to save it from destruction and restore it for the purposes of the trust, he is entitled to reimbursement, either out of the fund itself, or by proportional contribution from those who accept the benefit of his efforts; and fees paid to an attorney by a creditor in recovering and preserving a common fund is a proper item of expense chargeable against such fund.

3. In such case it is immaterial whether the fund is recovered before or after the appointment of the receiver of the trust estate; the lien attaches to the fund when it reaches the receiver's hands.

4. It is also immaterial whether the claim for the attorney's fees is presented to the court for allowance by the creditor or creditors who employed him, or by the attorney himself.

5. In a suit brought by an attorney by the court's permission to establish a lien for his fees upon a fund in the hands of the receiver of an insolvent partnership, the petition alleged that the fund in question had been collected and accumulated by the plaintiff, under an employment by a committee of the creditors of the insolvent estate, by and with the authority and approval of all the creditors, which employment required the plaintiff to take charge of the interests of the creditors and to represent them in the collection and accumulation of the funds and assets of the partnership; that in such employment it was agreed that plaintiff should be paid reasonable fees for his services; and it was further alleged that all creditors of the partnership were entitled to share in the fund so collected in proportion to their claims; that plaintiff's services were reasonably worth the amount claimed, and that his account had been filed with the receiver and disallowed by him; and the petition further set forth the necessity for action on the part of the creditors in employing counsel to represent them, and generally the character of the services performed by the plaintiff. *Held,* that the petition stated a good cause of action, and that a demurrer thereto was erroneously sustained.

[Decided November 20, 1905.]                    (82 Pac., 950.)

Error to the District Court, Natrona County, Hon. Charles E. Carpenter, Judge.

The action was brought by Alexander T. Butler, who had obtained permission of the court for that purpose, against S. W. Conwell, as receiver for Nathan S. Bristol, Charles Weston and William A. Denecke, co-partners known as W. A. Denecke & Co., and N. S. Bristol & Co. The plaintiff sought to establish a lien for attorney fees upon a fund in the hands of the receiver alleged to have been collected through the efforts of the plaintiff, under an employment by the creditors of the insolvent partnership. A general demurrer was sustained to an amended petition, and the plaintiff refusing to further plead, judgment was rendered for the defendant. Thereupon the plaintiff prosecuted error.

*Fred D. Hammond* and *G. R. Hagens,* for plaintiff in error.

The money accumulated from the assets of an insolvent person or company and placed in the hands of the receiver for the benefit of the creditors is a trust fund, held by the receiver in trust for them and in which they all share in proportion to their respective claims.   It is a trust estate, and it is a familiar doctrine that a trust estate must bear the expense of its own administration.   (Cowdry v. Ry., 93 U. S., 352; Payne v. MacNamara, 9 O., 132; Trustees v. Greenough, 105 U. S., 537; How v. Jones, 14 N. W., 193; Porter v. Hanson, 36 Ark., 591; Succession of Wells, 24 La. Ann., 162; Randall v. Archer, 5 Fla., 438.)

Where a creditor hires an attorney, even after a receiver has been appointed, who renders services protecting the funds in the receiver's hands, the court may order the receiver to pay him the value of such services.   (Beach on Receivers, 814; Cent. Co. v. Pettus, 113 U. S., 116; Olds v. Tucker, 35 O. St., 581; Trustees v. Greenough, 105 U. S., 527; Attorney Gen. v. Con. L. Co., 88 N. Y., 571.) Such a creditor may sue the receiver, on having received proper permission, in his own name to recover for expenses and fees paid out for such an attorney.   ('Trustees v. Greenough, *supra;* Payne v. MacNamara, *supra.*)   Or the attorney may bring the action in his own name directly when so employed.   (Olds v. Tucker, *supra;* Cent. Ry. Co. v. Pettus, *supra.*)

Defendant, Conwell, was in default.   Plaintiff made application to the clerk to enter judgment as provided for in Session Laws of 1905, page 305.   This provision in the statutes seems to be taken from the statutes of Ohio, although the same provision may be found in the statutes of New York, Wisconsin, California and Oregon, and possibly other states.   The clerk refused to enter up the judgment and an application for an order from the court for this purpose was overruled.   Defendant's attorney then filed an *ex parte* affidavit, not setting up that defendant had a mer-

itorious defense nor any matter pertinent, and the court erred in allowing defendant to demur to the amended ·petition. The clerk in entering judgment by default acts ministerially and has no discretion. (Sperling v. Calfe, 19 Pac., 204; Lathrop v. Snyder, 17 Wis., 110; Jones v. Russell, 3 Ore., 250; 5 Ency. L. (1st Ed.), 496; 30 Cent. Dig., 211 (J.) and 212 (O.), 233, C.; Higley v. Pollock, 27 Pac., 895; Tool Co. v. Prader, 32 Cal., 634; Cross v. Stevens, 25 Pac., 880; Haggan v. Lorenz, 34 Pac., 607.)

Neglect of attorney does not justify the court in opening a default, and filing affidavits *ex parte* is inelegant, if not bad practice. The defendant slept on his rights and failed wholly to show  he had a meritorious defense, and the opening of the default without a proper showing was an abuse of discretion on the part of the court. (R. R. Co. v. Ryan, 68 N. E., 923; 107 Ill. App., 174; 1 Alaska, 357.)

A default cannot be set aside unless for good cause shown. (Laswell v. Keit, 70 Pac., 561; Crane v. Stone, 15 Kan., 95.)

No appearance for defendant in error.

VAN ORSDEL, JUSTICE.

On November 30, 1903, the Webel Mercantile Company of Casper, Wyoming, instituted a suit in the District Court of Natrona County to have a receiver appointed for Nathan S. Bristol, Charles Weston and William A. Denecke, copartners known as W. A. Denecke & Co. and N. S. Bristol & Co. On December 5, 1903, the defendant in error, S. W. Conwell, was appointed receiver of said co-partnership and thereafter qualified as required by law. On the 6th day of September, 1904, plaintiff in error filed a petition in the District Court of Natrona County asking permission of the court to bring suit against S. W. Conwell, as receiver, for the purpose of recovering the sum of one thousand dollars out of the funds in the hands of said receiver, as compensation for legal services alleged to have been rendered in connection with said receivership, which permission was granted by the court. This suit in equity was thereafter

commenced by the plaintiff against the defendant by filing a petition setting forth the above facts, and asking that he be made a preferred creditor in the premises, and that the sum of one thousand dollars be set aside in the hands of the receiver for the payment of plaintiff's bill. The defendant interposed a general demurrer to the petition, which was sustained by the court, and permission was granted the plaintiff to amend. Upon the filing of an amended petition a general demurrer was again interposed by the defendant, which was sustained by the court. Plaintiff refusing further to plead, judgment was entered by the court generally for the defendant from which judgment plaintiff brings error to this court.

It appears from the allegations of the amended petition, that the action brought by the Webel Mercantile Company was for the purpose of winding up the affairs of said co-partnership, and for the settlement of the accounts of its debtors and creditors; that subsequent to the appointment of said receiver the creditors held a meeting for the purpose of providing ways and means for the protection of their joint and several interests; that the total indebtedness of said co-partnership amounted to about $60,000; that said meeting was attended by creditors whose claims approximated $50,000; that the creditors in attendance at said meeting acted with the consent and by the acquiescence of the other creditors who were unable to be present; that the defendant receiver, N. S. Bristol, Charles Weston and William A. Denecke were present and attended the meeting; that at said meeting the creditors appointed a committee with authority to act for and represent all the creditors in all matters pertaining to their interests, which committee was authorized to employ attorneys and do all things needful for the protection of the interests of all the creditors; and that thereafter said committee representing the creditors, and with their consent and by their direction, employed plaintiff to take charge of the interests of said creditors and represent them in the collection and accumula-

tion of the funds and assets belonging to said co-partnership, agreeing to pay plaintiff such fees for his services as would be reasonable for the work thus performed, which employment was afterward ratified by the creditors. Plaintiff alleges that as a result of such employment he succeeded in accumulating and collecting the sum of $30,000, which amount was duly turned over to the receiver; that all creditors of said co-partnership were entitled to share in the amount so collected in proportion to their various claims against said co-partnership; that plaintiff's services were reasonably worth the sum of $1,000, no part of which has been paid; and that on the 3d day of March, 1904, the plaintiff filed with the receiver a statement of his account for services rendered, which account the receiver disallowed. The plaintiff sets forth in his petition the necessity for the action of the creditors in employing counsel to represent them in the premises, and states generally the character of the services performed by him. The facts thus alleged in the petition are admitted by the demurrer to be true, but it is contended that they do not constitute a cause of action, and the trial court so found.

It appears that the plaintiff is seeking to establish a lien for the amount of his claim upon the funds alleged to have been recovered by him and placed in the hands of the receiver, thereby establishing a preference by which his claim shall be paid out of such funds before the same are distributed to the creditors of the co-partnership. It is contended by the plaintiff, and we think sufficiently set forth in his petition, that the fund accumulated and placed in the hands of the receiver is a common fund for the benefit of all the creditors, and one from which each creditor may *pro rate* in proportion to the amount of his claim. It is equally clear from the allegations of the petition that all the creditors, indirectly at least, joined in and consented to the employment of plaintiff as their attorney to recover and turn over to the receiver funds and property belonging to said co-partnership; and that as a result of such employment

plaintiff alleges that he did recover and turn over to the receiver the sum of $30,000. As to the means or methods used to secure these funds, or the sources from which the funds were derived, the petition is silent. A disclosure of these facts, if deemed necessary, might have been accomplished through the agency of a motion to make more definite and certain, but not by a general demurrer. We think that the ultimate fact that this fund was recovered, as a result of the employment of plaintiff and through his efforts, is set forth in the petition with sufficient clearness.

It is a well established rule that every trust estate must bear the expenses of its own administration. It becomes, therefore, important to determine whether under the allegations of the petition the claim of plaintiff is a proper charge against the funds alleged to have been recovered by him and now in the hands of the defendant as receiver. The rule seems to be well established, that where one of many parties having a common interest in a trust fund, at his own expense takes proper proceedings to save it from destruction and restore it for the purposes of the trust, he is entitled to reimbursement, either out of the fund itself, or by proportional contribution from those who accept the benefit of his efforts; and fees paid to an attorney by a creditor in recovering and preserving a common fund is a proper item of expense chargeable against such fund. (Trustees v. Greenough, 105 U. S., 527; Cowdrey et al. v. Galveston, Houston & Henderson R. R. Co., 93 U. S., 352; Harrison v. Perea, 168 U. S., 311; Electric Light Co. v. Gas Co., 99 Tenn., 371; Farmers' Loan & Trust Co. v. Green, 79 Fed., 222; Burden Central Sugar Refining Co. v. Ferris Sugar Manufacturing Co. et al., 87 Fed., 810; Campbell v. Provident Savings & Loan Society ('Tenn.), 54 L. R. A., 817; Ex parte Plitt, 2 Wall. Jr., 453; Clark's Appeal, 93 Pa. St., 369.) It is immaterial whether the fund is recovered before or after the appointment of the receiver. The lien attaches to the fund when it reaches the receiver's hands, and the conditions will not be different whether the fund

comes into his hands upon the assumption of the trust or later. (Burden Central Sugar Refining Co. v. Ferris Sugar Manufacturing Co., *supra.*) It is also immaterial whether the claim for solicitor's fees is presented to the court for allowance by the creditor or creditors who employed him, or by the attorney himself. In Central R. R. Co. v. Pettus, 113 U. S., 116, where certain creditors employed counsel to institute proceedings, whereby a large amount of property was accumulated for the benefit of a number of creditors of the same class, and where the claim was presented by the attorney instead of the creditors who employed him, the court said: "When an allowance to the complainant is proper on account of solicitor's fees, it may be made directly to the solicitors themselves without any application by their immediate client."

After a careful examination of the petition we are of the opinion that it states a cause of action, and that the plaintiff should be given an opportunity to be heard in support of the allegations therein contained. The court, therefore, erred in sustaining the demurrer. The judgment is reversed and the cause remanded.

Potter, C. J., and Beard, J., concur.