CENTRAL TRUST CO. OF NEW YORK v. UNITED STATES LIGHT & HEATING CO. et al.

(Circuit Court of Appeals, Second Circuit. April 11, 1916.)

No. 221.

1. APPEAL AND ERROR ⊚⟳78(7)—ORDERS APPEALABLE.
     In a creditors' suit, an order finally adjudicating the right of complainant's counsel to allowance of fees and payment of disbursements is appealable, though the principal action may not have proceeded to final decree.
     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 480, 481; Dec. Dig. ⊚⟳78(7).]

2. APPEAL AND ERROR ⊚⟳87(5)—ORDERS APPEALABLE—DISCRETIONARY ORDERS.
     A final disposition of a discretionary matter is appealable, where an abuse of discretion is charged.
     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 583, 586, 587; Dec. Dig. ⊚⟳87(5).]

3. APPEAL AND ERROR ⊚⟳984(2)—ATTORNEY'S FEES TO COMPLAINANT—ALLOWANCE.
     As the amount of fees to be allowed complainant's counsel in a creditors' suit rests peculiarly within the knowledge of the trial judge, unless his discretion is abused an allowance will not be disturbed.
     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3882; Dec. Dig. ⊚⟳984(2).]

4. CREDITORS' SUIT ⊚⟳59—SOLICITORS' FEES—RIGHT TO.
     Where, in a creditors' suit, a fund is recovered or protected by the exertions of complainant's counsel, it is proper for the court, out of the fund, to allow fees to complainant's counsel.
     [Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. §§ 218–221; Dec. Dig. ⊚⟳59.]

5. CREDITORS' SUIT ⊚⟳59—COUNSEL OF COMPLAINANT—DISBURSEMENTS.
     In a creditors' suit, where complainant is successful, his counsel are entitled only to their reasonable and necessary disbursements.
     [Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. §§ 218–221; Dec. Dig. ⊚⟳59.]

Appeal from the District Court of the United States for the Western District of New York.

Suit by the Central Trust Company of New York against the United

⊚⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

States Light & Heating Company, in which Adrian H. Larkin and others, solicitors of record for complainant, petition for allowance of fees and payment of disbursements. From an order granting in part the prayer of their petition, they appeal. Affirmed.

The order of the District Court, appealed from, finally settled and decreed payment of the fees and disbursements of the appellants, who are solicitors of record for the complainant herein. The action was a creditors' bill to conserve the assets of defendant corporation, that the same might be applied to the payment of its debts. Complainant sued on behalf of itself and other creditors. The property of defendant corporation was sold pursuant to the prayer of the bill and for a price sufficient to discharge in full the demands of complainant and other like creditors. Appellants then petitioned for an allowance of fees and payment of disbursements. From the order granting (in part) the prayer of their petition, this appeal was taken.

Albert Stickney, of New York City, for appellants.

Morris Cohn, Jr., of Niagara Falls, N. Y., Adolph Rebadow, of Buffalo, N. Y., and Edward E. Franchot, of Niagara Falls, N. Y., for appellee.

Before COXE and ROGERS, Circuit Judges, and HOUGH, District Judge.

HOUGH, District Judge (after stating the facts as above). [1] It is urged that the matter complained of is not appealable. The order was final and conclusively adjudicated something over which the court had jurisdiction and which arose in the progress of the litigation, although distinct from the general subject of suit. Such orders or decrees are appealable although the original or main action may not have proceeded to final judgment. Yorkshire, etc., Co. v. Fowler, 78 Fed. 58, 23 C. C. A. 643; Tuttle v. Claflin, 88 Fed. 122, 31 C. C. A. 419.

[2] Even if the matter be one of discretion it is appealable, if the appellant maintain that discretion was abused. Central Trust Co. v. Chicago, Rock Island, etc., Co., 218 Fed. 336, 134 C. C. A. 144. It is held that appeal lies.

[3] The court below considered the nature of the services rendered by appellants, and divided the same into two classes, awarding compensation for one class of service and denying it as to the other. In so far as fees were given, the order must be affirmed, because no abuse of discretion is shown, and questions of amount are properly and peculiarly within the knowledge of the judge acquainted with the litigation during its entire progress.

[4] Whether the denial of any compensation for certain services was proper depends primarily upon the rules which justify and govern grants of fees to counsel in cases of this kind. They are stated generally in Hobbs v. McLean, 117 U. S. 582, 6 Sup. Ct. 870, 29 L. Ed. 940, and in Buell v. Kanawha, etc., Co. (D. C.) 201 Fed. 767 (with a very complete citation of decisions). The matter is summed up in Harrison v. Perea, 168 U. S. at page 325, 18 Sup. Ct. at page 134, 42 L. Ed. 478, where an allowance to a solicitor was approved because "by the exertions of the solicitor the fund was recovered, and it was properly made to bear some portion of the expense of its administration. The amount was within the judicial discretion of the

court, and in fixing that amount the trial court could proceed upon its own knowledge of the value of the solicitor's services." This is the reason for the general rule that one who is jointly interested with others in trust property, and in good faith maintains for himself and the others the necessary litigation to save it from waste and to secure its proper application, is entitled to reimbursement of his expenses (e. g., largely counsel fees) out of the fund to be administered. Lamar v. Hall, 129 Fed. 83, 63 C. C. A. 521.

Applying the rules thus stated to the matter in hand, the question becomes one of fact as to whether the services for which the lower court refused any compensation did or did not tend, to produce or conserve the fund, or to secure its proper and lawful application. Whether any particular service or kind of service responds to these tests is also a matter peculiarly within the knowledge of the trial judge. We have examined the record, and in no substantial respect do we differ from the lower court. It is certainly impossible to discover abuse of discretion.

[5] The appeal brings up also the propriety of refusing reimbursement to appellants for a large part of their bill of expenses. Appellants were entitled only to their reasonable and necessary disbursements. How many of the items stated were both reasonable and necessary is a question of fact, as to which this record is barren of evidence justifying disagreement with the trial judge.

The order is affirmed, with costs.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes