EQUITABLE TRUST CO. OF NEW YORK v. WESTERN PAC. RY. CO. et al.

(District Court, N. D. California, Second Division. September 5, 1916.)

No. 169.

RAILROADS ⬅199—MORTGAGES—FORECLOSURE—ATTORNEYS' FEES—ALLOWANCE.

The allowance of compensation to attorneys for bondholders, not participating in the reorganization scheme, in a suit to foreclose a railroad mortgage out of the entire fund applicable to the payment of such bonds, rests within the discretion of the trial court, and, having been made, will not be disturbed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 664; Dec. Dig. ⬅199.]

Suit by the Equitable Trust Company of New York, a corporation, against the Western Pacific Railway Company and others. Upon settlement of the account of the receivers, Pillsbury, Madison & Sutro applied for an allowance of fees for services rendered in the litigation, to be chargeable upon the corpus of the fund in the hands of the master. Application granted.

See, also, 231 Fed. 478; 233 Fed. 335; 236 Fed. 813.

Pillsbury, Madison & Sutro, of San Francisco, Cal., for the application.

Jared How, of San Francisco, Cal., opposed.

VAN FLEET, District Judge. On the hearing of the settlement of the accounts of the receivers herein and the allowance of their compensation and that of the several counsel concerned, one of the applications was by Pillsbury, Madison & Sutro for the allowance to them of a fee for their services rendered in the litigation to certain minority bondholders, to be chargeable upon the corpus of the fund in the

hands of the special master applicable to the payment of bonds held by those holders not participating in the reorganization of the defendant company, upon the theory that the services performed had redounded to the benefit of all such nonconsenting bondholders, whether appearing or not, and thereby rendered such compensation a proper charge upon such fund. Objection was made by counsel for the plaintiff, based upon the contention that any compensation awarded for such services could only properly be paid out of the moneys from such fund payable to the holders of bonds represented by the intervener for whom counsel specially appeared.

The court being in doubt, the question was reserved, but an examination of the decree of confirmation of sale heretofore made herein by Judge Dooling at the instance of plaintiff satisfies me that the objection now made is not open to consideration under its terms. That decree, in providing for payments by the master out of the fund applicable to the satisfaction of the demands of such nonconsenting bondholders of a certain per cent., fixed in the decree, of the price of each bond, expressly recites that such payment—

"will be the amount such bondholder is entitled to receive as his proportionate share of the purchase price, after deducting therefrom a sum equal to the total amount of the claims herein set out, apportionable to the bonds of such bondholder, that is to say, the sum of 85 cents per $100 face amount of such bonds, and, after deducting therefrom a sum equal to $1.15 per $100 face amount of such bonds, to provide a fund to cover such compensation and expenses as may be hereafter allowed by the court to Messrs. Pillsbury, Madison & Sutro, the attorneys for Savings Union Bank & Trust Company, intervener herein, on behalf of itself and the holders of such bonds, which are not to be utilized by the purchasers in part payment of the purchase price."

This provision, it will be seen, expressly contemplates that the compensation of the attorneys named for the services in question shall, as now requested by them, be made a charge upon the fund applicable to the payment of the entire body of such nonconsenting or nonparticipating bondholders, and that such provision was a proper one, and entirely within the discretionary province of the judge making such decree, is well established. Harrison v. Perea, 168 U. S. 311, 18 Sup. Ct. 129, 42 L. Ed. 478; Buell v. Kanawha Lumber Corporation (D. C.) 201 Fed. 762, 767; Central Trust Co. v. United States L. & H. Co., 233 Fed. 420, 422, — C. C. A. —; Edwards v. Bay State Gas Co. (C. C.) 172 Fed. 971.

The objection will accordingly be overruled, and an order may be entered for the allowance of the compensation of the attorneys named as fixed by the court on the hearing.