## In re MARCUSE & CO.

(District Court, N. D. Illinois, E. D. July 9, 1924.)

**1. Bankruptcy ☖474—Attorney's fees incurred in unsuccessful litigation held not allowable against estate.**

Where litigation instituted at the instance of certain creditors was unsuccessful and added nothing to the assets of the estate, the attorney's fees incurred should be borne by such creditors and are not allowable against the estate.

**2. Bankruptcy ☖474—Attorney's fees held not chargeable to receiver.**

Fees of attorneys, who were attorneys for the receiver and also for a large number of creditors, for services in unsuccessful litigation instituted at the instance of certain of such creditors, and respecting property which was outside of the receivership, *held* not chargeable to the receiver.

In Bankruptcy, in the matter of Marcuse & Co., bankrupts. On application for additional allowance for fees of attorneys for receiver and petitioning and intervening creditors. Order made.

Henry H. Kennedy, Julius Moses, Hamilton Moses, Walter Bachrach, and S. Sidney Stein, all of Chicago, Ill., for Harold Lachman and Central Trust Co. of Illinois.

Horace Kent Tenney, of Chicago, Ill., for respondent Clara K. Hecht and others.

George T. Buckingham and Stephen E. Hurley, both of Chicago, Ill., for respondent Studebaker Bros. Limited.

Milton J. Foreman and David Blumrosen, both of Chicago, Ill., for respondents Vettee and Zuncker.

WILKERSON, District Judge. An allowance of $10,000 has been made to attorneys for petitioning and intervening creditors. Having in mind the outcome of the litigation carried on to charge the special partners as general partners and the facts shown at this hearing relative to the amended petition of April 30, 1920, which was the basis for the entry of the order of July 1, 1920, the allowance already made is sufficient in any view of the questions of law involved. Whether that amount is more than should have been allowed is a question which I shall not consider. The order has been made and I shall not review it.

[1] Moreover, the bills for attorneys' services in the attempt to subject the property of the special partners to administration by the bankruptcy court are not proper charges, in my opinion, against the fund in the hands of the receiver. Certain creditors put forward the claim that the special partners were general partners and that their property should be added to the fund to be administered in bankruptcy. They were unsuccessful in their attempt. No fund was created as a result of their efforts. I think that those who put forward the claim should bear the burden of the litigation. The equitable principles stated in Buell v. Kanawha Lumber Corporation (D. C.) 201 F. 762, 767, 769, Central Trust Co. v. United States Light & Heat Co., 233 F. 420, 421, 147 C. C. A. 356, Hobbs v. McLean, 117 U. S. 582, 6 S. Ct. 870, 29 L. Ed. 940, Harrison v. Perea, 168

U. S. 311, 325, 18 S. Ct. 129, 42 L. Ed. 478; and In re Medina Quarry Co., 191 F. 815, 112 C. C. A. 329, are in my opinion applicable here.

It is difficult to see how litigation founded upon the amended petition of April 30, 1920, can be characterized as litigation in the interest of all the creditors. Certainly it was not to the interest of any one to adopt allegations of such a serious nature as were those in this amended petition when they had behind them nothing more than is shown by the evidence upon this hearing. Nor may we forget that the doctrine of "clean hands" applies with double force when lawyers become litigants.

[2] Counsel for the receiver have received $25,000 on account of their services. They ask $35,000 more. They are here in a dual capacity. They represent a large number of creditors. With the approval of this court entered of record, they represent the receiver. They rendered services in the unsuccessful litigation against the special partners. Shall those services be charged against their clients, the creditors, or against their client, the receiver? Certainly the charge must be made against the clients who were interested in the outcome of the litigation. The receiver is the disinterested custodian of the fund to be administered. The parties who would have been benefited by the addition to the fund to be conserved by the receiver, if the litigation against the special partners had been successful, were the creditors and not the receiver.

It is asserted, however, that the bills for these services should be charged against the receiver, because the receiver, proceeding through the Lachmann petition, was acting in the interest of all creditors, and therefore the receiver should pay the expense of the litigation out of the common fund. The real relation of the parties, however, is shown by the prayer of the Lachmann petition. The petitioner there asked an order directing the receiver to take possession of the property of the special partners. No order was entered directing the receiver to do this, and certainly no duty rested upon the receiver to espouse either side of the controversy. The receiver, if it had been impartial, might have thought that the claim of the petitioner was, as it turned out to be, unfounded. There was no more reason why the receiver should proceed through the petition of Lachmann than it should proceed through the answers of the respondents. We are not permitted to assume that there was any prejudgment of this case and we are bound to believe that the litigants were accorded an impartial trial. There was no determination of the question of liability of the special partners until July 1, 1920, and the order of that date imposes no duty upon the receiver with respect to obtaining possession of the property of the special partners. There were other issues to be determined and those questions were referred to the referee.

I am unable to find anything in the record in this court which warranted the receiver in taking any other than the obviously proper position of a disinterested guardian of such property and funds as might be intrusted to its care by the order of the court. I think that counsel for the receiver have already received adequate compensation for services other than those for the litigation against the special partners.

As to disbursements already authorized in the litigation against the special partners, I shall make no order. This may be inconsistent with the views above expressed. There were no reservations in the orders authorizing those disbursements, and I prefer to leave that matter as it stands.

The receiver should have an additional allowance of $10,000, and there should be an allowance of $3,500 to Foreman, Blumrosen, Steele & Schults for services while they were acting for the receiver.

An order in accordance with this memorandum may be prepared by counsel for the objecting creditors and will be settled on notice.