### DYSART et al. v. REMINGTON RAND, Inc.
### Nos. 3978, 3979.

United States District Court
D. Connecticut.
July 27, 1950.

---

Robert P. Butler, Valentine J. Sacco and A. E. Howard, Jr., all of Hartford, Conn., for plaintiff.

Edwin T. Bean, Buffalo, N. Y., Raymond E. Hackett, Stamford, Conn., for defendant.

SMITH, District Judge.

Charles M. Lyman, Esq., having been appointed by order of this Court dated October 2, 1941 as Special Master to ascertain the reasonable value of the use of the patent in the above entitled consolidated action and the amounts due to each of the plaintiffs, having filed his report, has made application to the Court to tax or settle his fees.

He has devoted a total of four hundred and forty-four hours to his work as Master in the case, including twenty-five days of hearing on the merits, and extensive research and consideration on both the facts and law in the case which presented complicated issues of fact and of law. The total claims of the plaintiffs amounted to some three and one-half million dollars, the total award of the Master, including principal and interest, to something over $940,-000.

The fixing of the fee is not easy. While we do not here have the considerations that enter into and limit the fixing of fees in receivership and bankruptcy cases, we do have the consideration that the costs of litigation to the litigants should be held to a reasonable level, if possible.

If we consider that a lawyer may be expected to spend approximately 1500 working hours a year, a charge for his service at the rate of $20 per hour would bring him a gross of $30,000 a year from which he might expect a net of close to $20,000 per year. That rate might well be taken as a norm for services of a judicial nature of some difficulty and magnitude, and it is my feeling that it might well be increased somewhat in a case of this size and complication.

I feel, therefore, that an award of $10,-000, is a reasonable award for the service performed by the Master in this case to date.

The Master's disbursements to date amount to $47.63.

It is, therefore, ordered, adjudged and decreed that the Master's fees and disbursements to date be set in the amount of $10,-047.63, and the defendant is ordered to pay them to the Master forthwith, pursuant to the interlocutory judgment, the amount paid to be taxable as costs, if the defendant should eventually prevail.