**LYMAN v. REMINGTON RAND, Inc.**
No. 162, Docket 21843.

United States Court of Appeals
Second Circuit.

Argued March 6, 1951.

Decided March 30, 1951.

Charles M. Lyman, New Haven, Conn., pro se.

Raymond E. Hackett, William H. Timbers, and Morgan P. Ames, all of Stamford, Conn., Edwin T. Bean, Buffalo, N. Y., of counsel, for Remington Rand, Inc.

Before L. HAND, Chief Judge and AUGUSTUS N. HAND, Circuit Judge.

PER CURIAM.

A special master appeals from the award made to him for his services in the action in which he was appointed to ascertain the reasonable value of the defendant's use of a patent. On July 18, 1941, the district court entered an interlocutory judgment, finding the defendant so liable and on October 2, 1941, it appointed the appellant special master to determine the amount of the liability. The master filed his report on December 21, 1949, recommending a judgment of $940,380.36, and at the same time filed his application for the taxation and settlement of his fee: no judgment has as yet been entered upon his report. On July 28, 1950, the court awarded him a fee of $10,000, and directed the defendant to pay it "forthwith"—the payment to be included in the taxable costs, if the defendant eventually prevailed. Dysart v. Remington Rand, Inc., 96 F.Supp. 655. On August 7, 1950, the defendant procured an order to show cause why it should not be relieved from immediate payment, pending the determination of its application to compel the plaintiffs to give security for the award; the court did stay immediate payment, but on September 18, 1950, directed payment of the award within one week on condition that the plaintiffs file a bond to secure the defendant if it eventually prevailed in the action. The master appealed from this order on October 13, 1950, because of the insufficiency of the award.

The defendant argues that we must dismiss the appeal because it was taken too late. The order to show cause of August 7, 1950, was a motion, and it was made within ten days after the order of July 28, 1950, which made the award; thus, it was in season under Fed.Rules Civ.Proc. rule 59(e), 28 U.S.C.A., provided it was to "alter or amend" the order of July 28th. The defendant argues that it was not because it only required the plaintiffs to give security for the payment of the fee in case the defendant finally prevailed, and that this is analogous to the requiring security as a stay of execution on a judgment. We cannot agree. The order of July 28, 1950, contained an unconditional direction to pay the award "forthwith"; the motion was to impose the condition of a bond upon that peremptory order. That certainly altered and amended the first order; it was not security to stay its execution; it presupposed its execution, and provided for the possibility that the final event might throw the loss upon the plaintiffs. The appeal from the order of September 18, 1950, was therefore in

season, and the only question is whether it was "final."

Before the amendment of Rule 54(b) it would have been.[1] Indeed, that is a corollary of Newton v. Consolidated Gas Company, 265 U.S. 78, 44 S.Ct. 481, 68 L.Ed. 909, in which the Supreme Court held that the reason, and the only reason, for denying independent appealability to an award of costs, is that such orders— at least in admiralty or equity—are discretionary. When an appeal from such an award involves a question of law, it is therefore good; and, save for Rule 54(b), we should have jurisdiction to consider whether the award was so low as to be outside the bounds of any fair discretion. Nevertheless, the order is within that Rule, as now amended, and is not final in the absence of a certificate by the court for which it provides. If the appellant secures such a certificate the order will become final, and he may appeal within thirty days thereafter. In that event the appeal may be heard upon the present record with only the certificate and new notice of appeal added; and also upon the present briefs, if the parties are so minded. But upon this record the present appeal must be dismissed.

Appeal dismissed.

---

1. Tuttle v. Claflin, 2 Cir., 88 F. 122, 124; Central Trust Co. of New York v. United States Light and Heating Co., 2 Cir., 233 F. 420, 421; Williams v. Sawyer Bros., Inc., 2 Cir., 51 F.2d 1004, 81 A. L.R. 1527; Walling v. Norfolk Southern Ry. Co., 4 Cir., 162 F.2d 95.