Tallulah **MORGAN** et al., Plaintiffs,

v.

John J. **KERRIGAN** et al., Defendants.

Civ. A. No. 72–911–G.

United States District Court,
D. Massachusetts.

May 28, 1975.

Robert Pressman, Eric E. Van Loon, Center for Law and Education, Cambridge, Mass., John Leubsdorf, Foley, Hoag, & Eliot, Boston, Mass., J. Harold Flannery, Washington, D. C., Rudolph F. Pierce, Boston, Mass., and Nathaniel R. Jones, New York City, for plaintiffs.

James J. Sullivan, Jr., Philip T. Tierney, Matthew T. Connolly, DiMento & Sullivan, Boston, Mass., for defendants School Committee.

Richard W. Coleman, Segal, Roitman & Coleman, Boston, Mass., for School Administration.

Sandra Lynch, State Board of Ed., Boston, Mass., for State Bd. of Ed.

Thayer Freemont-Smith, Choate, Hall & Stewart, Boston, Mass., for Boston Home and School Ass'n.

Timothy Wise, Asst. Atty. Gen., Boston, Mass., for Comm. of Massachusetts.

Kevin F. Moloney, City of Boston Law Dept., Boston, Mass., for City of Boston & Mayor White.

John F. McMahon, Angoff, Goldman, Manning, Pyle & Wanger, Boston, Mass., for Boston Teachers Union.

Jeanne E. Mirer, Mass. Chapter of National Lawyers Guild, Cambridge, Mass., for El Comite.

## MEMORANDUM AND ORDER ON MOTION FOR STAY PENDING APPEAL AND ORDER PRESCRIBING TIME FOR PAYMENT

GARRITY, District Judge.

■ The court's order dated May 2, 1975 directed the city defendants to pay the four masters appointed under order dated February 7, 1975 for their services, in accordance with the rates of compensation set out in the latter order. The school committee has moved for a stay of the May 2 order, pending appeal. The order of May 2, 1975 is interlocutory, and not appealable. See *Lyman v. Remington Rand, Inc.,* 2 Cir. 1951, 188 F.2d 306. No right to a stay arises under Rule 62(d), Fed.R.Civ.P., from an attempt to appeal such a non-appealable order. *R. D. Goldberg Theatre Corp. v. Tri-States Theatre Corp.,* D.Neb.1944, 8 F.R.Serv. 34.64, Case 1.

■ The motion for a stay is evidently addressed to the court's inherent power to stay proceedings. As so construed, it is denied. The committee has suggested no injury that it will suffer if the compensation order is not stayed. A corrective order upon appeal, or in a later assessment of costs, apparently will protect the committee's rights.

■ Nor do the grounds set forth in the school committee's motion include any other persuasive basis for a stay. The motion states that the defendants did not "assent" to the reference. Their assent was not required under Rule 53, Fed.R.Civ.P.; but the assertion that it was not given is questionable. Until the present motion the school committee at no time suggested that they opposed the reference. During the three weeks immediately preceding the order of appointment and reference dated February 7, 1975, the prospect of the reference repeatedly was discussed in open court. Counsel for the school committee spoke concerning the manner in which the masters ought to be selected; he did not object to the reference. On February 5, 1975 a draft order of appointment and

reference, which included the masters' rates of compensation, was distributed to the parties for comments. The school committee objected on the ground of bias to the naming of two of the masters. The committee indicated no objection to the reference itself. After the masters' hearings had begun, the committee moved for revocation of the appointment of a third master and asked that the proceedings before the masters be "expunged", again on the ground of bias. Still the committee stated no opposition to the reference. The suggestion in the present motion that the school committee objects to the reference comes too late. Cf. *First Iowa Hydro Electric Cooperative* v. *Iowa-Illinois Gas and Electric Co.*, 8 Cir. 1957, 245 F.2d 613.

■ The other principal bases asserted by the defendants as grounds for a stay also are unpersuasive. The motion suggests that the value of the masters' services is diminished, or negated entirely, first by the masters' adoption of one of the school committee's own proposals, the use of magnet schools, and second, by the court's modification of the desegregation plan that the masters proposed. The rule that these contentions suggest is fundamentally unsound. To make a master's right to compensation turn on the content of his report would subvert his objectivity. To make his compensation vary with the court's use of the report would likely distort the court's consideration, and could tempt a master to try to "rubber-stamp" the court's supposed views, rather than use his independent judgment. Apart from the apparent unsoundness of the rule that is implied, the committee's contentions are inconsistent with the facts of this case. As a reading of the student desegregation plan filed May 10, 1975 would disclose, the masters' report and recommendations contained the key elements and formed the foundation of the plan promulgated by the court. The masters' services were rendered in a matter of great public interest and im-

portance and were virtually indispensable to the court. The school committee has not challenged the facts of the masters' having spent the time set forth in the schedules accompanying the court's order of May 2 or of having incurred the expenses itemized, nor the reasonableness of the rate of compensation of $200 per day.

Accordingly the school committee's motion for a stay of the court's order entered May 2, 1975 is denied.

The order of May 2 did not specify a date by which the city defendants shall pay to the masters the various amounts allowed. For purposes of the last sentence of Rule 53(a), Fed.R.Civ.P., it is ordered that the city defendants, meaning the Mayor as well as the members of the School Committee of the City of Boston, shall pay the masters the amounts allowed in the court's order of May 2, 1975 on or before June 6, 1975.