[No. 15414.   In Bank.—August 6, 1895.]

M. W. FOX, Respondent, *v.* THE HALE & NORCROSS SILVER MINING COMPANY, Appellants.

CORPORATIONS—FRAUD—ACTION BY STOCKHOLDER—APPOINTMENT OF RE-
CEIVER BY JUDGMENT—ALLOWANCE OF ATTORNEY'S FEES.—An action
by a stockholder to recover moneys of which the corporation was fraudu-
lently deprived is not prosecuted by the stockholder in his own right or
for his own exclusive benefit, but is a suit in behalf of the corporation
to recover a fund in which others are interested, and a judgment in
his favor is for the use and benefit of the corporation, and the appoint-
ment of a receiver by the judgment in the action to receive the moneys
collected on execution, and directing him to pay to the plaintiff's at-
torneys, as compensation for their services, twenty-five per cent of all
moneys so collected, and to apportion the fund and pay it over to the
parties, according to their respective rights and subject to the direction
of the court, is a proper order, and within the power of the court.

ID.—WANT OF FINDINGS AS TO ATTORNEY'S FEES—DISMISSAL OF APPEAL.—
The want of findings to support an allowance of attorney's fees becomes
immaterial where the appeal of the corporation from that part of the
decree making the allowance is dismissed.

APPEAL from part of a judgment of the Superior Court of the City and County of San Francisco appoint-ing a receiver and ordering him to make payment to plaintiffs' attorneys.   J. C. B. HEBBARD, Judge.

The facts are stated in the opinion of the court ren-dered in case No. 15301, *ante*, p. 369, and in the opin-ion of the court rendered in this case.

*W. H. H. Hart*, for Appellants.

The court had no jurisdiction to order the receiver to pay attorney's fees.   (*Sharon* v. *Sharon*, 75 Cal. 1, 39; *Hogan* v. *Black*, 66 Cal. 41; *Mansfield* v. *Dorland*, 2 Cal. 507; *Russell* v. *Conway*, 11 Cal. 93, 103.)   The court had no jurisdiction to appoint a receiver.   (*French Bank case*, 53 Cal. 495; Code Civ. Proc., sec. 564; High on Re-ceivers, sec. 403.)

*W. T. Baggett, L. D. McKisick*, and *Lindley & Eickhoff*, for Respondent.

Counsel fees are properly payable out of the fund brought into court. (Pomeroy's Equity, secs. 1084, 1085; *Robinson* v. *Pett*, 2 Lead. Cas. Eq. 512–37; 2 Perry on Trusts, secs. 910, 911; 1 Morawetz on Private Corporations, sec. 271; *Ellig* v. *Naglee*, 9 Cal. 684; *Cowdrey* v. *Galveston etc. R. R. Co.*, 93 U. S. 352; *Trustees* v. *Greenough*, 105 U. S. 527; *In re Paschal*, 10 Wall. 483; *Meeker* v. *Winthrop Iron Co.*, 17 Fed. Rep. 48; *Woodruff* v. *New York etc. R. R. Co.*, 129 N. Y. 27.) The receiver was properly appointed. (Code Civ. Proc., sec. 564; Beach on Modern Equity Jurisprudence, sec. 980; *Bainbrigge* v. *Baddely*, 3 Macn. & G. 419; *Barbour* v. *National Exch. Bank*, 45 Ohio St. 140; *Skip* v. *Henwood*, 3 Atk. 564; *Northfeld Knife Co.* v. *Shapleigh*, 24 Neb. 639; 8 Am. St. Rep. 224; *Wilson* v. *Wilson*, 2 Keen, 249; *Chase's case*, 1 Bland, 213; 17 Am. Dec. 277; *Podmore* v. *Gunning*, 5 Sim. 485; *Evans* v. *Coventry*, 5 De Gex, M. & G. 917; Beach on Modern Equity Jurisprudence, sec. 969; *Hall* v. *Astoria Veneer etc. Co.*, 5 Rail. & Corp. L. J. 510; *Haywood* v. *Lincoln Lumber Co.*, 64 Wis. 639; *Lawrence* v. *Greenwich Fire Ins. Co.*, 1 Paige, 537; *Sheppard* v. *Oxenford*, 1 Kay & J. 491; Jeremy's Equity Jurisprudence, 249; *King* v. *Barnes*, 51 Hun, 550; *Wayne Pike Co.* v. *Hammons*, 129 Ind. 368.)

BEATTY, C. J.—The facts of this case and the material parts of the judgment of the superior court are fully set forth in the opinion just filed in case No. 15301. This is a separate appeal by the Hale & Norcross Silver Mining Company from that part of the judgment appointing a receiver of the moneys collected on the execution, and directing him to pay to the plaintiff's attorneys, as compensation for their services, twenty-five per cent of all moneys so collected. Since the appeal was taken it has been voluntarily dismissed by the appellant, so far as the amount of the allowance to attorneys is concerned, so that it now stands as an appeal from that part of the decree appointing a receiver, and involves only the

question of the power of the court to make such appointment.

There is no doubt, we think, that the case was one in which the court had power to appoint a receiver to carry its judgment into effect. The action was not prosecuted by the plaintiff in his own right or for his own exclusive benefit. He sued in behalf of the corporation to recover a fund in which others were equally interested, and the judgment in his favor was for the use and benefit of the corporation. He was, therefore, not entitled to receive the amount of the judgment himself, but clearly was entitled to an allowance out of the moneys collected of his reasonable expenses, including counsel fees. This right to his expenses was sufficiently shown by the allegations of the complaint, and the prayer for general relief authorized the court to make proper provision for their payment.

The appointment of a receiver to apportion the fund and pay it over to the parties, according to their respective rights, and subject to the direction of the court, was a proper provision.

The want of findings to support the allowance of attorneys' fees becomes immaterial in view of the dismissal of the appeal from that part of the decree.

The order appointing the receiver is affirmed.

McFarland, J., Van Fleet, J., Garoutte, J., Henshaw, J., Harrison, J., and Temple, J., concurred.

Rehearing denied.