[S. F. No. 266.   Department Two.—August 7, 1896.]

JOHN CHETWOOD, JR., RESPONDENT, v. THE CALI-
FORNIA NATIONAL BANK OF SAN FRANCISCO
ET AL., DEFENDANTS.   T. K. STATELER, APPELLANT.

INSOLVENT NATIONAL BANK—AGENT APPOINTED UNDER ACT OF CONGRESS
—RECEIVER—OFFICIAL POSITION.—An agent of an insolvent national
bank, appointed by the stockholders, and commissioned by the comptroller
under the act of Congress to succeed the receiver in the performance of
his duties, stands in place of the receiver, and is, in fact, a receiver
under a varied form of appointment and under a different name, and is
at least a *quasi* public officer of the United States.

ID.—REGULARITY OF APPOINTMENT OF AGENT DE FACTO—COLLATERAL AT-
TACK.—Where one who is *de facto* the agent of an insolvent bank pre-
sents his commission from the comptroller reciting his appointment, and
the regularity of the proceedings attending it, the question of the reg-
ularity of his appointment cannot be collaterally assailed.

ID.—ACTION BY SHAREHOLDER—POWER OF CONTROL—RIGHT OF AGENT TO
RECEIVE FINAL RECOVERY.—A shareholder of an insolvent national
bank who sues the directors in behalf of the corporation to recover dam-
ages for moneys alleged to have been lost to the bank by reason of their
mismanagement of its affairs, is entitled to conduct, manage, and control
the litigation until a final determination thereof; but the appointed
agent of the bank is charged with the explicit duty of receiving the assets
and distributing them ratably, and is entitled, when the litigation has
come to an end, with moneys in the hands of the plaintiff stockholder,
under a judgment rendered in his favor in behalf of the corporation, to
invoke the aid of the court to order the payment of those moneys to
him for the purposes of his trust.

ID.—END OF LITIGATION—JOINT ACTION OF TORT AGAINST THREE DIRECT-
ORS—SATISFACTION AND RETRAXIT AS TO TWO—RELEASE OF THIRD.
In a joint action of tort by a shareholder against three directors, the
litigation is ended when moneys are collected from two of them in full
satisfaction of a judgment against them, and a retraxit and dismissal of
the action is made as to them, operating in law as a release of the third
director.

APPEAL from an order of the Superior Court of the
City and County of San Francisco denying a motion
for an order directing that moneys on deposit in court
be delivered over to the agent of the defendant bank to
be distributed among the stockholders of the bank.
D. J. MURPHY, Judge.

The facts are stated in the opinion of the court.

*Pierson & Mitchell,* and *Robert A. Friedrich,* for Appellant.

The judgments of dismissal against Thompson and Wilson are final, because, being by consent, no appeal lies. (*Imley* v. *Beard,* 6 Cal. 666; *Sleeper* v. *Kelly,* 22 Cal. 456; *Mecham* v. *McKay,* 37 Cal. 158.) The litigation, as far as they are concerned, is, therefore, terminated, and the avails of that litigation must be turned over to the corporation for whose benefit this judgment was entered. The stockholder who brought the suit controls it until the judgment has been entered or a compromise effected. (*Dewing* v. *Perdicaries,* 96 U. S. 197; *Howe* v. *Barney,* 45 Fed. Rep. 668; *Wallace* v. *Lincoln Sav. Bank,* 89 Tenn. 630; 24 Am. St. Rep. 625.) The written assignment provided for by the act is the commission and authority of the agent and cannot be collaterally impeached. (*Cadle* v. *Baker,* 20 Wall. 650; Code Civ. Proc., sec. 1963; *People* v. *Tibbetts,* 4 Cow. 358; *Commonwealth* v. *Graham,* 64 Pa. St. 339; *Commonwealth* v. *Arrisôn,* 15 Serg. & R. 127; 16 Am. Dec. 531.) The receiver and agent are officers of the United States. (*Platt* v. *Beach,* 1 Nat. Bank Cas. 182; *Stanton* v. *Wilkeson,* 2 Nat. Bank Cas. 162; *Frelinghuysen* v. *Baldwin,* 12 Fed. Rep. 395; *Price* v. *Abbott,* 17 Fed. Rep. 506; *M'Conville* v. *Gilmour,* 36 Fed. Rep. 277.)

*John Chetwood, Jr.,* in pro. per., and *A. W. Thompson,* for Respondent.

The agency clause does not apply or it is unconstitutional. (U. S. Rev. Stats., secs. 5136, 5220–22, 5239; *Supervisors* v. *Stanley,* 12 Fed. Rep. 82; *Chemical Nat. Bank of Chicago* v. *Hartford Deposit Co.,* 156 Ill. 522; *Bank of Bethel* v. *Pahquioque Bank,* 14 Wall. 398; *National Bank* v. *Insurance Co.,* 104 U. S. 75; *Merchants' Nat. Bank* v. *Gaslin,* 41 Minn. 552; *People* v. *Weigley,* 155 Ill. 491. Stateler is no public officer. (*United States* v. *Hartwell,* 6 Wall. 393; *State* v. *Barbour,* 53 Conn. 76; 55 Am. Rep. 65; *Achley's Case,* 4 Abb. Pr. 38; *Ames* v. *Port Huron etc. Co.,* 11 Mich. 147; 83 Am. Dec. 731; Mechem on Pub-

lic Officers, secs. 100, 140; Throop on Public Officers, secs. 2, 4; *Conrey* v. *Copland*, 4 La. Ann. 307; *Chemical Nat. Bank* v. *Hartford Deposit Co.*, 156 Ill. 522.)

HENSHAW, J.—This is an appeal from an order made in the above-entitled case after the entry of final judgment therein.

The following facts are necessary to an understanding of the contention: The California National Bank of San Francisco was insolvent, and its affairs were in the hands of a receiver, appointed by the comptroller of the currency at the time when Chetwood, as a stockholder of the bank, instituted this action on its behalf against certain directors, to recover damages for moneys alleged to have been lost to the bank by reason of their mismanagement of its affairs. The receiver continued in charge of the affairs of the bank, and was made a party defendant in the action. Thereafter, at a stockholders' meeting, it was determined that the receiver should not be continued in office to wind up the affairs of the association, and that an agent should be elected for that purpose, and the appellant Stateler was elected such agent. The authority for these proceedings is found in the act of Congress, which provides as follows (27 *c* U. S. Stats. at Large,, c. 360, sec. 3, p. 345): Whenever any association shall have been placed in the hands of a receiver, and when the comptroller of the currency shall have paid to each and every creditor of such association, not including shareholders who are creditors of such association, whose claim or claims as such creditor shall have been proved and allowed as therein prescribed, the full amount of such claim and all expenses of the receivership, and the redemption of the circulating notes of such association shall have been provided for by depositing lawful moneys of the United States with the treasurer of the United States, the comptroller of the currency shall call a meeting of the shareholders of such association by giving notice thereof, etc. At such meeting the shareholders shall

determine whether the receiver shall be continued and shall wind up the affairs of such association, or whether an agent shall be elected for that purpose. After the election of the agent, and after the execution by the shareholders of a bond to the satisfaction of the comptroller of the currency, and filed with him, conditioned for the payment and discharge in full of each and every claim that may thereafter be proved and allowed, and for the faithful performance of all the duties of the agent's trust, the comptroller and the receiver shall thereupon transfer and deliver to such agent all the undivided, or uncollected, or other assets of such association then remaining in the hands or subject to the order or control of said comptroller and the said receiver, or either of them, and for this purpose the said comptroller and said receiver are hereby severally empowered and directed to execute any deed, assignment, transfer, or other instrument in writing that may be necessary and proper, and upon the execution and delivery of such instrument to the said agent, the said comptroller and the said receiver shall by virtue of this act be discharged from any and all liabilities to such association. Upon receiving such deed, assignment, transfer, or other instrument, the person elected such agent *shall hold, control, and dispose of the assets and property of such association which he may receive under the terms thereof for the benefit of the shareholders of such association*, and he may, in his own name, or in the name of such association, sue and be sued, and do all other lawful acts and things necessary to finally settle and distribute the assets and property in his hands, and may sell, compromise, or compound the debts due to such association, with the consent and approval of the circuit or district court of the United States, for the district where the business of such association was carried on, and shall, at the conclusion of his trust, render to such district or circuit court a full account of all his proceedings, receipts, and expenditures as such agent, which court shall, upon due notice, settle and adjust such accounts

and discharge said agent and the sureties upon said bond.

The appellant Stateler received from the comptroller of the currency and from Young, the receiver of the California National Bank, the certificate, deed, assignment, and transfer contemplated by the act, which recited that the shareholders of the bank, called to meeting by the comptroller, after due notice given as required by law, had elected an agent for the bank as provided by the act, that Stateler was duly elected such agent, and the required bonds had been executed and filed by the shareholders to the satisfaction of the comptroller, as required by law. Stateler thereupon entered upon the discharge of the duties of his trust, and, after the entry of judgment in the case of *Chetwood* v. *California Nat. Bank, ante,* p. 414, petitioned the court for an order requiring Chetwood to turn over to him, as agent of the bank, $27,500 received by Chetwood in that action. The court refusing to make the order, this appeal is taken.

Considerable attention is devoted in the briefs to a discussion of the regularity and validity of the proceedings of the shareholders which terminated in the election of Stateler as agent, and the assignment to him by the comptroller, and the receiver of the assets of the corporation. Into these questions we do not deem it necessary to enter. By the provisions of the act itself Stateler succeeded the receiver in the performance of the duties which otherwise would have pertained to the receiver. Though chosen by the stockholders, he received his commission as agent from the comptroller, with whom a bond was filed for the faithful performance of his trust. In the conduct of that trust he is placed under the direction and control of the circuit court, to which he must apply before he can compromise debts or claims of the corporation, and before which he must go to make his report and receive his discharge. The agent, therefore, stands *in loco* the receiver, and is in fact the receiver under a varied form of

appointment and under a different name. It is held that the receiver is an officer of the United States. (*Platt* v. *Beach*, 1 Nat. Bank, Cas. 182; *Stanton* v. *Wilkeson*, 2 Nat. Bank, Cas. 162; *Frelinghuysen* v. *Baldwin*, 12 Fed. Rep. 395; *Price* v. *Abbott*, 17 Fed. Rep. 506.) If the agent be not also in strictness a public officer of the United States, he is at least a *quasi* public officer. In *M'Conville* v. *Gilmour*, 36 Fed. Rep. 277, the circuit court enters into a long and elaborate discussion of the functions and *status* of this officer, and reaches the conclusion that the agent is an officer of the United States in every sense that the receiver is.

Such being the case, and Stateler being *de facto* the agent, and presenting his commission from the comptroller reciting his appointment and the regularity of the proceedings attending it, the question of the regularity of his appointment is not one to be raised upon collateral attack in this action.

Under this condition of affairs it still remains to be considered whether he is entitled to have paid over to him the moneys that had been collected. The circumstances under which the $27,500 were paid have been fully set forth in the opinion filed in another appeal in this action. (*Chetwood* v. *California Nat. Bank*, *ante*, p. 414.)

The shareholder who sues on behalf of the corporation is unquestionably entitled to conduct, manage, and control the litigation until a final determination thereof. Thereafter, in the case of a corporation not under disability, and where no good reason appears to the court why it should not be allowed to take into possession and dispose of the judgment recovered (*Fox* v. *Hale & Norcross etc. Co.*, 108 Cal. 475), it becomes the duty of the shareholder, after reasonable allowance made for costs and expenses of litigation, to restore to the corporation the funds in his possession. In this case, while the corporation, as a corporation, was still in existence, it was not conducting or operating its business, and its assets under the laws of the United States had passed into the hands of

the receiver, and from his hands to those of his successor—the agent. The latter was charged with the explicit duty of collecting the assets and distributing them ratably. If necessary, he could sue or be sued. There can be no doubt but that the receiver or agent would be entitled, where litigation had come to an end with moneys in the hands of the plaintiff stockholder under a judgment rendered in his favor on behalf of the corporation, to invoke the aid of the court, and to receive at its hands an order directing the payment of those moneys to him for the purposes of his trust; and in this case we entertain no doubt but that the appellant would be entitled so to do if it be found that the litigation in question is at an end.

If we were to accept the statement of respondent's brief in this regard, no difficulty would here be presented. Respondent states "that Chetwood prosecuted this present action which resulted in judgments severally against Thompson for $20,000, Wilson for $7,500, and Thomas for $139,738"; but in fact there was no judgment severally or collectively entered against Thompson and Wilson, or either of them, for $20,000 or $7,500, or for any other sum whatsoever. As set forth in the opinion upon the former appeal above referred to, after the court had ordered judgment against the three, and appointed a referee to take an accounting to fix the amount thereof, Thompson and Wilson procured from plaintiff a judgment of dismissal in the nature of a retraxit by the payment to him of $27,500. The only judgments which were entered in that case were the judgments of dismissal in favor of Thompson and Wilson, and the judgment against Thomas for $139,000, but, as in the former opinion discussed and decided, the payment of $27,500 was a satisfaction of plaintiff's claim against the three defendants, and the defendant Thomas became entitled to a judgment in his favor thereby. That litigation then and there came to an end—as to the defendants Thompson and Wilson because they had paid $27,500 for a retraxit of the cause of action in tort

against them, as to Thomas because the release and discharge of his alleged joint tort feasors operated in law to release him. An end to that litigation having been thus reached, the agent was entitled to have the proceeds of it, after reasonable deductions, paid over to him. Such was his demand, and it should have been granted.

The order is reversed, with directions to the trial court to enter the order prayed for, after making reasonable allowance to plaintiff Chetwood for his costs, disbursements, and attorney's fees in the said action, as contemplated by law.

TEMPLE, J., and McFARLAND, J., concurred.

Hearing in Bank denied.