COLLEY et al. v. WOLCOTT et al.

(Circuit Court of Appeals, Eighth Circuit. April 19, 1911.)

No. 3,395.

1. ATTORNEY AND CLIENT (§ 155*)—ATTORNEY'S FEES—ALLOWANCE FROM FUND IN COURT.

Where the services of the solicitors for the complainant in a stockholders' suit have resulted in restoring to the corporation a large amount of property fraudulently transferred, which has come into the custody of the court, the fees of the solicitors for such services may properly be awarded out of the fund, either to the complainant or directly to the solicitors themselves, in the discretion of the court; and, although it is the better practice to make such allowance on a formal motion therefor, that is also discretionary.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 316; Dec. Dig. § 155.*]

2. ATTORNEY AND CLIENT (§ 155*)—ALLOWANCE OF FEES FROM FUND IN COURT—EVIDENCE OF VALUE OF SERVICES.

A court may properly make an allowance of fees to solicitors for services rendered before it upon its own knowledge as to the extent and value of such services.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 155.*]

3. ATTORNEY AND CLIENT (§ 155*)—ALLOWANCE OF FEES—SALE OF PROPERTY IN COURT FOR PAYMENT.

Where property has been brought into court for restoration to its rightful owner through the services of solicitors, an allowance made to them for their services may properly be charged as a lien upon such property, with an order for its sale in default of payment.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 155.*]

4. APPEAL AND ERROR (§ 70*)—APPEALABLE ORDER.

An order making an allowance for services of solicitors in a cause in which such services had brought property into court, but providing that the allowance should be thereafter paid in such manner as the court should direct, was not a final order, from which an appeal would lie.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 70.*

Finality of judgments and decrees for purpose of review, see notes to Brush Electric Co. v. Electric Imp. Co. of San Jose, 2 C. C. A. 379; Central Trust Co. v. Madden, 17 C. C. A. 238; Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 28 C. C. A. 482.]

Appeal from the Circuit Court of the United States for the District of Kansas.

Suit in equity by William E. Colley against the New York Zinc Company, Charles C. Wolcott, and Frances E. Wolcott. Complainant and the defendant corporation appeal from a part of the final decree making an allowance to complainant's solicitors. Affirmed.

In an equitable action brought by Colley, a stockholder in the New York Zine Company, for himself and such other stockholders as might join in the bill, against the Zinc Company and Charles C. and Frances E. Wolcott, the controlling directors of the company, to set aside certain conveyances and transfers of the company's property to those directors and restore the same to the company a decree was rendered as prayed for, and as a result of the litigation a large amount of property, which had been wrongfully conveyed away, incumbered, or converted to their own use by those directors, was restored to the company with clear title. In the final decree awarding this relief, passed March, 1910, the trial court allowed and ordered the Zinc Company to pay to complainants' solicitors, H. W. Currey and Edward E. Sapp, the sum of $10,000 for legal services rendered by them in the cause, and ordered certain real estate which had been by the decree restored to the company with clear title to be sold to pay, among other charges, that allowance, provided the Zinc Company should not pay it within a time fixed in the decree. From that part of the decree making the allowance to the solicitors, and ordering the property of the Zinc Company sold, if necessary, the defendants appealed.

There are three assignments of error, specifying that the trial court erred: (1) In ordering the payment of the allowances directly to the solicitors, instead of to complainants themselves; (2) in making the order without any formal pleading having been filed in the case praying for it, and without formal offer of evidence thereon; (3) in ordering a sale of the property of the Zinc Company.

Arthur Miller (Karnes, New & Krauthoff, on the brief), for appellants.

H. W. Currey and Edward E. Sapp, for appellees.

Before SANBORN and ADAMS, Circuit Judges, and WM. H. MUNGER, District Judge.

ADAMS, Circuit Judge (after stating the facts as above). The services of the solicitors in this case resulted in rescuing from spoliators a large amount of property, not only for the benefit of the complainant, but for the benefit of all the stockholders of the Zinc Company, and by means of these services the property was brought under the control of the court. In these circumstances nothing is plainer than that the cost of a restitution of this kind should be borne by those benefited by it. Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157.

[1] While allowances for solicitor's fees have sometimes been made in favor of the complainants in the suit, no reason is apparent why they should not be made directly to those who are entitled to it. They are officers of the court, and should properly be protected, when a trust fund created by them is in the custody of the court and subject to final disposition by it. It was so held in Central Railroad v. Pettus, 113 U. S. 116, 124, 5 Sup. Ct. 387, 391 (28 L. Ed. 915) where the Supreme Court said:

"And when an allowance to the complainant is proper on account of solicitor's fees, it may be made directly to the solicitors themselves, without any application by their immediate client."

It would have been better practice if a formal motion had been made for the allowance of the solicitor's fees. In this way the record in the case would have been more perfect. But this is a matter of practice resting largely in the discretion of the trial court, and its exercise one way or the other cannot be assigned for error. Moreover, no objection was made in the trial court to the method of procedure adopted. It first appears in the assignment of errors, filed almost six months after the decree was entered.

[2] Again it is assigned for error that no evidence was offered on which to base the order allowing the solicitor's fees. This may and probably does mean that no formal testimony of the amount of services rendered or of the value of such services was introduced. The court recites in the decree, however, that the parties appeared by their respective counsel, and that the court, after duly considering the report of the special master (who had been appointed to take the testimony and report thereon), the exceptions thereto, and arguments of counsel, entered the decree, including the order for the payment of the solicitor's fees. In this way it appears that the court had personal knowledge of the facts of the case, of the conduct and services of counsel, and the results achieved by them. Upon this knowledge it could properly act in fixing the value of the solicitors' services. Farmers' Loan & T. Co. v. McClure, 24 C. C. A. 64, 78 Fed. 209. It, therefore, cannot be said there was no evidence on the subject before the court.

[3] There was no error in enforcing the payment of the solicitors' allowance by sale of the property of the Zinc Company. It had been rescued, and was in the custody of the court for such disposition as equity and good conscience dictated. The legal services which resulted in the restoration of the property to the company clearly constituted a meritorious charge in equity upn it.

[4] More than six months before the final decree was entered, the court made an order allowing the solicitors, Currey and Sapp, the sum of $10,000 for their services rendered in the case, but added that the same should be "hereafter paid in such manner as this court may order and adjudge." In view of this order, the appellees moved to dismiss the appeal, on the ground that it was not taken within six months after the first or preliminary order was made. We do not think that was a final order. In one of its most important features it was reserved for further adjudication. It was most material to make some provision for the payment of the money. The property was in the hands of the court out of which it might be paid, and out of which in the usual administration of equitable remedies it should be paid; but the court was not then ready to determine that important particular. It was, therefore, not such a final determination of the matter as amounted to an adjudication from which an appeal would lie before the final decree was entered in the case. Something was left to be done before the order could be executed. Chase v. Driver, 34 C. C. A. 668, 92 Fed. 780, 787.

The decree of the Circuit Court must be affirmed.