[Civ. No. 5690. First Appellate District, Division Two.—November 16, 1928.]

ROBERT C. SCOTT et al., Appellants, v. J. J. DONAHUE et al., Defendants; J. S. WRINKLE et al., Respondents.

George D. Collins, Jr., for Appellants.

Gillogley, Crofton & Payne for Respondents.

NOURSE, J.—The respondents in these two consolidated cases have moved for the recall of the *remittiturs* upon the ground that they do not conform to the judgments in respect to the matter of costs on appeal. The *remittiturs* followed the usual course in awarding to appellants against the respondents their costs on appeal upon the reversal of the two judgments.

The actions involved two trust funds belonging to the former members of the local chapter of the Brotherhood of Railway Trainmen. The litigation arose because of the claim of the parent order that it was entitled to all the funds of the local chapter upon dissolution of the latter. The two causes were commenced by the appellant on behalf of his associate members of the local chapter, the judgments went against him, and these were reversed, with directions to distribute the funds among all the former members of the local chapter who were in good standing at the time of its dissolution "after deducting therefrom the costs of suit and other charges and fees properly chargeable against the trust fund."

It is now claimed that, by reason of the language quoted, the respondents should not be charged with the costs on appeal. The *remittiturs* followed the express terms of the statute (sec. 1027, Code Civ. Proc.) in awarding costs to the appellant and against the respondent upon reversal of the judgment, and we find nothing in the language quoted from the main opinion which supports the claim that we intended to depart from this statutory rule. The language of this

opinion had reference to that rule of equity, based upon the principle of agency, which permits one who has sued on behalf of his associates to discover or preserve a common trust fund to have a charge against the fund itself for his costs and expenses. (See *Fox* v. *Hale & Norcross S. M. Co.,* 108 Cal. 475 [41 Pac. 328]; *Los Angeles T. & S. Bank* v. *Ward,* 197 Cal. 103 [239 Pac. 847]; *County of Tulare* v. *City of Dinuba,* 87 Cal. App. 744 [263 Pac. 251]; *County of Tulare* v. *City of Dinuba,* 205 Cal. 111 [270 Pac. 201].) Therefore, the direction in those judgments to the trial court to deduct from the trust funds the charges and fees ''properly chargeable'' against such funds left with the trial court the duty, as a court of equity, to determine what charges and fees were properly chargeable against these funds.

But we know of no rule that the unsuccessful party to such litigation may have his costs and expenditures charged against the trust fund which he has tried to defeat. But if the trial court, in the exercise of its equity jurisdiction, should have power to make such an award in favor of the losing party, it is clear that the appellate court has no such power upon a reversal of the judgment, because section 1027 of the Code of Civil Procedure, expressly withholds such power. It is equally clear that, under the same statute, and under Rule XXIII of the supreme court, the clerk does not have such power, but he must enter in his *remittitur* a judgment that the appellant recover his costs on appeal from the respondent in all cases where the judgment is reversed.

The motions are denied.

Koford, P. J., and Sturtevant, J., concurred.