[S. F. No. 13495. In Bank.—September 28, 1929.]

ROBERT C. SCOTT, in Behalf of Himself and All Other Members, etc., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

George D. Collins, Jr., for Petitioners.

Gillogley, Crofton & Payne for Respondent.

SEAWELL, J.—Petition for writ of mandate to compel the Superior Court of the City and County of San Francisco to fix a reasonable attorney's fee for services performed by one George D. Collins, Jr., in certain litigation instituted by petitioner herein, and to order said fee paid

from a fund which has been decreed to be the property of all who were members in good standing of San Francisco Lodge Number 198 of the Brotherhood of Railroad Trainmen at the time of the dissolution of said lodge before said fund is distributed on a *pro rata* basis among the members of said dissolved lodge.

The charter of said local lodge was revoked by the grand lodge for disobedience of the rules of the grand lodge. Thereafter Robert C. Scott, petitioner herein and a member of said local lodge, purporting to sue on behalf of himself and all members of said lodge, brought two actions in the Superior Court of the City and County of San Francisco to procure a *pro rata* distribution of the assets of said lodge, consisting of four Liberty bonds and $1500 in cash, among the members of good standing of the local lodge at the time of its dissolution. The grand lodge, through its appropriate officer, filed a cross-complaint wherein the claim was asserted that upon dissolution the assets of the San Francisco local lodge were forfeited and became the property of the grand lodge. One Wrinkle, also a member of the local lodge, filed a complaint in intervention on behalf of himself and those minority members of the local lodge who had voted against the majority upon the issue which led the grand lodge to revoke the charter of the local body. Said minority members later associated with local lodge No. 947, a new lodge organized under the sanction of the grand lodge. Their claim was that the property constituted a trust fund for those members who had remained faithful to the parent organization to the exclusion of other members.

Before the trial of the actions the treasurer of the dissolved lodge deposited the bonds in court, and the bank in which the funds of said lodge were deposited paid the amount thereof into court. The trial court found in favor of said minority members that the property constituted a trust fund for the benefit of the minority only. Upon appeal the District Court of Appeal reversed the judgments in said two actions, and directed the trial court to appoint a suitable person to sell the bonds and distribute the proceeds and the cash on hand "equally among *all* the former members of local 198 who were in good standing upon the rolls at the time of dissolution, *after deducting therefrom the costs of suit and other charges and fees properly charge-*

*able against the trust fund.''* (Italics supplied.) (*Scott* v. *Donahue,* 93 Cal. App. 126 [269 Pac. 455]; *Scott* v. *Donahue,* 93 Cal. App. 795 [269 Pac. 458].)

Throughout the trial and upon appeal petitioner Scott and the majority members upon behalf of whom he sued were represented by attorney George D. Collins, Jr. After the going down of the *remittiturs* in said two actions, petitioner Scott, relying on the above italicized provision in the judgment of the District Court of Appeal and what he conceived to be the law of this state, made a motion in the trial court that said court determine a reasonable fee for the services of Collins and deduct and pay to Collins the amount thereof from said funds of the dissolved lodge before distribution to the members thereof. The court denied the motion, whereupon petitioner sought by *mandamus* to compel said court to fix said fee and deduct it from the fund on hand for distribution.

As sustaining the right to compel an allowance and deduction, petitioner relies upon such cases as *Trustees* v. *Greenough,* 105 U. S. 527 [26 L. Ed. 1157, see, also, Rose's U. S. Notes], wherein it is held that where one jointly interested with others in a common fund in good faith maintains the necessary litigation to save it from waste and secure its proper application, an allowance of costs, including attorneys' fees, will be made out of the fund. Conceding that this equitable principle is consonant with the statutory provisions of this state regarding the allowance of attorneys' fees, the instant case does not present a situation permitting its application.

As against the minority members on behalf of whom intervener Wrinkle sued, petitioner Scott and the majority members of the local lodge who joined in the employment of Collins as their attorney cannot be said to have discovered, preserved or created a fund. The bonds were deposited in court by their custodian, the treasurer of the dissolved lodge, before the trial of the action, and the funds of the lodge on deposit in the bank were paid into court. Although Scott purported to bring the representative action instituted by him "in behalf of himself and all members of San Francisco Lodge 198 of the Brotherhood of Railroad Trainmen," upon the filing of the complaint in intervention the action became a contest between the majority

members, who claimed that all members in good standing were entitled to participate in the fund, and the minority members, who claimed the fund to the exclusion of all other members in good standing by virtue of the circumstance that they had voted against the local lodge taking the action which led to the dissolution.

The minority members throughout the proceedings in the trial court and upon appeal were not represented by Attorney Collins, employed by Scott and other majority members, but by an attorney of their own selection, whom they have no doubt agreed to compensate. The equitable principle contended for by petitioner Scott is not applied to render persons who have employed and been represented by an attorney of their own choice indirectly responsible for the fee of an attorney hired by others.

Furthermore, the majority and minority members were adverse claimants of said assets. The minority members sought to exclude the majority members absolutely from any participation in the fund, and in this were successful in the lower court. The minority members cannot be compelled to contribute, through a deduction from the fund, to the payment of counsel fees for services rendered in behalf of another group who disputed their claim to the entire fund, and on appeal were successful in procuring an adjudication denying the right of the minority members to the whole fund. The equitable rule relied upon by petitioner Scott does not authorize a deduction from the fund where the services sought to be compensated by a deduction from the fund have been performed in behalf of an adverse interest. (*County of Tulare* v. *Dinuba,* 205 Cal. 111 [270 Pac. 201].)

The provision in the judgment of the District Court of Appeal that the trial court should distribute the fund equally among all members *after deducting therefrom the costs of suit and other charges and fees properly chargeable against the trust fund,* did not purport to be an adjudication that petitioner was entitled to demand the deduction here claimed, but left with the lower court the right to determine what deductions, if any, could properly be made. There is nothing inconsistent with this view in *Scott* v. *Donahue,* 94 Cal. App. 795 [271 Pac. 1100], in which case the court did not decide that the allowance here claimed was proper, but only that the minority members could not

assert the right to have their costs on appeal deducted from the fund.

Having determined that there was no authority in the trial court to grant the allowance and deduction claimed, it becomes unnecessary to here decide whether a proceeding in *mandamus* would have been the appropriate method to compel such an allowance had the court erroneously refused to grant it.

Petition denied and writ dismissed.

Richards, J., Preston, J., Waste, C. J., Curtis, J., and Langdon, J., concurred.

Rehearing denied.

All the Justices present concurred.