[L. A. No. 23061.   In Bank.   May 11, 1954.]

R. E. SPRIGGS, INC. (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and AUGUSTUS CHIARELLO, Respondents.

Kearney, Scott & Clopton for Petitioners.

Everett A. Corten and Gordon W. Winbigler for Respondents.

EDMONDS, J.—The Industrial Accident Commission credited against an award of compensation only $1,400 of the amount received by Augustus Chiarello in settlement of his claim against an asserted third party tort feasor. His employer and its insurance carrier contend that they are entitled to the entire amount obtained by the settlement without deduction of attorney's fees.

Chiarello was employed by R. E. Spriggs, Inc. He claimed to have sustained injuries while he was delivering merchandise to the Panorama Market. Without filing suit or notifying either his employer or its insurer, he made a settlement with Panorama for $2,100 and executed a full release of all claims against it.

In the proceeding before the commission, after allowing a credit of $2,100, on its own motion the commission reopened the matter for reconsideration. By the new decision, the commission credited against the compensation award only $1,400, "being the amount recovered by the applicant . . . after payment of attorney's fee of $700.00, which sum is found to constitute a reasonable attorney's fee for services rendered in effecting recovery for the benefit of the employer."

As grounds for annulling the award, the employer asserts that there is no statutory authority for the commission to withhold from a credit against an award of compensation the attorney's fees paid by an employee to effect a settlement. But even if that contention is incorrect, the argument continues, attorney's fees should be allowed only when fixed by a court or by an agreement between the employee's attorney and the employer or its insurer. Another contention is

that in the present case there is no evidentiary support for a finding either that Chiarello paid out $700 for an attorney's fee, or that such a fee is a reasonable one for the services rendered.

It is agreed by all of the parties that the decisive question in this proceeding is the effect of certain amendments to the Labor Code, made in 1949. (Stats. 1949, ch. 120, pp. 355-356.) Prior to the amendments, the provisions of that code were construed in *Dodds* v. *Stellar*, 30 Cal.2d 496 [183 P.2d 658]. It was concluded that three remedies are available to an employer to recover, from a negligent third party, the expenses of compensation to which an injured employee is entitled. The employer may bring an independent suit against the third party (Lab. Code, § 3852) or he may consolidate his action with, or join with the employee in, an action against the third party (Lab. Code, § 3853). If he has pursued neither of these remedies, he may claim in the employee's action a first lien in the amount of his expenditures for compensation "against the entire amount of any judgment for damages recovered by the employee." (Lab. Code, § 3856.)

In the Dodds case, the employee sued the third party and joined the employer and its insurer as defendants. The employer sought as a lien against the judgment in that action an amount equal to its costs of compensating the employee. Upon appeal, the employee contended that the trial court should have deducted from the amount payable by the judgment to the employer in satisfaction of its lien, the attorney's fees paid by the injured workman in prosecuting the action. This contention was rejected. It was pointed out that the statutory provisions relating to an employer's right of reimbursement define the rights of the parties and completely cover the field.

Although, under the statutes then in effect, provision was made for reimbursing an employer for its attorney's fees expended when prosecuting an action alone (Lab. Code, § 3854), there was no similar provision for compensating an employee when he sued in an action which benefited the employer. Both in cases where recovery was obtained as the result of a suit against the tort feasor (Lab. Code, § 3856) and where a settlement was effected (Lab. Code, § 3860) the "entire amount" of such judgment or settlement was subject to the employer's full claim for reimbursement for his com-

pensation expenditures and liability. Similar provisions were stated in section 3861, which deals with a proceeding before the commission instituted after a judgment or settlement has been obtained.

The 1949 amendments consist of changes to sections 3854, 3856, 3861, and the addition of section 3863. Only those amendments affecting sections 3856 and 3861 are pertinent to the present proceeding.* The new legislation, with the amended portions in italics, reads:

Section 3861: "The commission is empowered to and shall allow, as a credit to the employer to be applied against his liability for compensation, such amount of any recovery by the employee for his injury, either by settlement or after judgment, as has not theretofore been applied to reimburse the employer, *or has not been applied to the payment of an attorney's fee to the employee's attorney, pursuant to the provisions of section 3856 of this code.*"

Section 3856: "The court shall first apply, out of the entire amount of any judgment for any damage recovered by the employee, a sufficient amount to reimburse the employer for the amount of his expenditures for compensation. If the employer has not joined in the action or has not brought action, or if his action has not been consolidated, the court, on his application shall allow, as a first lien against the entire amount of any judgment for any damages recovered by the employee, the amount of the employer's expenditures for compensation; *provided, however, that where the employer has failed to join in said action and to be represented therein by his own attorney, or where the employer has not made arrangements with the employee's attorney to represent him in said action, the court shall fix a reasonable attorney's fee, which shall be fixed as a share of the amount actually received by the employer, to be paid to the employee's attorney on account of the services rendered by him in effecting recovery for the benefit of the employer, which said fee shall be deducted from any amounts due to the employer.*"

---

*A clause was added to section 3854 to specify that the attorney's fees allowed an employer who prosecutes an independent action shall be based "solely upon the services rendered by the employer's attorney in effecting recovery for the benefit of the employee."

Section 3863 provides: "No provision of this chapter shall be deemed to impair the right of the employee and his attorney to contract as between themselves for attorney's fees to be paid by the employee for prosecuting any action or claim against any person other than the employer."

■ As the employer points out, the purpose of these amendments was to correct the statutory inequity which allowed an employer reimbursement for attorney's fees expended in the prosecution of an independent action although the full amount of a judgment in favor of an employee, under converse circumstances, might be allowed as a credit against compensation. ■ But when the third party's liability has been settled, either by the employee or the employer, there is no provision for reimbursement to either of them for his legal expenses. A deduction for that expense is allowed by section 3861 only "pursuant to the provisions of section 3856 of this code." Section 3856 applies only to a situation in which a lien is sought against a judgment, where the employer "has failed to join in said action" or has not arranged with the employee's attorney "to represent him in said action," in which case "the court shall fix a reasonable attorney's fee." It is clear from these provisions that a judicial proceeding is contemplated.

■ On the other hand, section 3860, which deals with settlements before judgment or without suit, is unaffected by the statutory change. It continues to provide that "[t]he entire amount of such settlement, or of any settlement without suit, is subject to the employer's full claim for reimbursement for his compensation expenditures and liability."

The commission construes the amendments discussed as repealing section 3860 by implication, and in its order accompanying its decision upon rehearing states that a lack of an express provision for that purpose "would appear to be due to a failure to correlate and to amend all the applicable sections." The amendments show no legislative intention to alter the reimbursement provisions relating to settlements, and there is nothing in them to warrant a conclusion that a failure to amend the applicable sections was due to a legislative oversight.

Several policy arguments have been advanced. The commission insists that a construction of the amendments denying to it the power to fix a reasonable attorney's fee for effecting a settlement and to deduct that amount from the employer's credit against an award will tend to discourage settlements, a result which the law disfavors. The petitioners assert that such a construction will compel the employer and employee to work harmoniously in prosecuting the claim, whereas a contrary reading of the statute would invite the

employee to effect an independent settlement contrary to the best interests of the employer.

■ There is a clear distinction between a suit to enforce the employee's cause of action against a third party, and a settlement which is made by the employee. The employee or employer who commences an action "shall forthwith give to the other written notice of the action, and of the name of the court in which the action is brought. . . ." (Lab. Code, § 3853.) In that manner, each of them is afforded an opportunity to exert some control over the prosecution of the action if he believes it to be desirable. The parties may make arrangements for the payment of attorney's fees; if they do not do so, or if they refuse to cooperate in bringing the action, a reasonable attorney's fee for each may be fixed by the court. (Lab. Code, § 3856.)

But the Legislature has not made provision for either notice to the other party when a settlement is contemplated or for the determination of the amount of an attorney's fee when it is effected. The employee's purpose is to recover an amount in addition to his compensation award; the employer is interested primarily in the recovery below that amount. When the chances of recovery are most favorable, the amount of the settlement obtained generally will be larger and the expense of an attorney's fee less. Ordinarily the employee will have greater incentive to press for a favorable recovery. But when the claim is doubtful, the converse situation is presented. And there may be little incentive for the employee to press a claim whose proceeds would inure only to the benefit of the employer.

In short, to extend the provisions for recoupment of attorney's fees beyond their application to a judicial action would be to do so without the safeguards applicable to them. The clear and literal construction of the new amendments does not support such an extension, and, as stated in *Dodds* v. *Stellar, supra,* "[i]f there is to be any change in these statutory provisions defining the rights of the parties, the suggestion for such change should be addressed to the Legislature rather than to the courts." (30 Cal.2d at 506.)

Other contentions are based upon the assumption that a deduction for attorney's fees may be allowed from a settlement and require no discussion.

That portion of the award which gives to California Compensation Insurance Company a credit of only $1,400 is an-

nulled with directions to the commission to allow a credit of $2,100; in all other respects the award is affirmed.

Shenk, J., Traynor, J., Schauer, J., Spence, J., and Bray, J. pro tem.,* concurred.

CARTER, J.—I dissent.

The majority holding here is subject to all the objections pointed out in my dissent in *Dodds* v. *Stellar,* 30 Cal.2d 496 [183 P.2d 658]. (See discussion 21 So.Cal.L.Rev. 298.)

After the decision of this court in the Dodds case the Legislature amended the Workmen's Compensation Act for the obvious purpose of rectifying the manifest inequities permitted by the Dodds case. Yet the majority here holds that the amendments do not embrace a case where, as here, a settlement of the claim against the tort feasor has been consummated without suit, because the Legislature did not amend section 3860 of the Labor Code which provides that a settlement with or without suit is subject to the employer's claim for the compensation paid by him. Manifestly that can refer only to such portion of the settlement as remains after the attorney's fee, for obtaining the settlement, has been paid. It is obvious that the provision authorizing the payment of attorney's fees is clearly applicable to a settlement consummated by the employee. (Lab. Code, § 3861, as amended Stats. 1949, ch. 120.) That section authorizes the crediting to the employee of his attorney's fees whether the recovery is by *settlement* or judgment. It refers to the application of the settlement to the payment of attorney's fees pursuant to section 3856, and the latter section speaks of attorney's fees where there is a recovery in an action, but inasmuch as section 3861 includes a settlement without action, the words in section 3856, in referring to settlement after action, are not words of limitation to that situation. If they are, the language in section 3861 is rendered meaningless.

The effect of the majority holding is to make settlements with the tort feasor an impossibility. The employee will not want to settle, at least until after he has commenced an action, because he will lose his attorney's fees. The employer will not wish to settle for the same reason. I am assuming, and it seems that the majority opinion holds, that the employer may not deduct attorney's fees in case of a settlement by

---

*Assigned by Chairman of Judicial Council.

him. If settlements before action are to be completely discouraged, either party may get around his inability to get attorney's fees by first bringing action and then settling. It is hard to believe the Legislature intended such an absurd situation to exist. Any reasonable construction would allow the deduction of attorney's fees by either employer or employee whether the settlement is made before or after the commencement of an action against the tort feasor.

The majority seems to think that unfairness will result where there is a settlement by either one or the other and hence the rule favoring compromise is not applicable. This is based on the premise, assumed by the majority, that either the employer or employee may lawfully consummate a settlement without consent of the other. The statute provides otherwise. (Lab. Code, §§ 3853, 3859, 3860.) The statute was held inapplicable as between the employee and the tort feasor (*Cilibrasi* v. *Reiter*, 103 Cal.App.2d 397 [229 P.2d 394]) but of course it still applies as between the employer and the employee. Here the employer is not objecting to the settlement consummated by the employee with the tort feasor. He, in effect, has approved the settlement as he is seeking to benefit thereby. It is obvious that if the settlement had been consummated without his consent, he would not be bound by it and could sue the tort feasor to recover all sums which he had expended on behalf of the employee for compensation and medical and hospital treatment as a result of the injury suffered by the employee for which the tort feasor is liable. We then have this anomalous situation. An employee who has suffered an injury in the course of his employment as the result of the negligence of a third party, employs an attorney to handle his claim for damages against such third party. The attorney is able to consummate a settlement of the employee's claim which is satisfactory to both the employee and the employer, but after the settlement is consummated, the employer claims the entire amount of the settlement and refuses to allow any compensation to the attorney whose services were responsible for consummating the settlement and obtaining the money which appears to have been obtained solely for the benefit of the employer. As pointed out above, if the employer had not consented to the settlement, he would not be bound by it and could sue the tort feasor for the amount of any claim he may have. It seems to me that under any consideration of fairness and justice, as well as a reasonable interpretation of the statutory

provisions applicable to such a situation, it requires that the reasonable value of the services of the employee's attorney in obtaining the settlement should be paid before the employer's claim is satisfied in whole or in part.

Assuming the majority opinion is correct in stating, "when the third party's liability has been settled, either by the employee or the employer, there is no provision for reimbursement to either of them for his legal expense," we then have a situation in which the statutes do not cover the subject of attorney's fees where there is a settlement, and, therefore, we must turn to the ". . . well-established doctrine of equity jurisprudence that where a common fund exists to which a number of persons are entitled and in their interest successful litigation is maintained for its preservation and protection, an allowance of counsel fees may properly be made from such fund. By this means *all* of the beneficiaries of the fund pay their share of the expense necessary to make it available to them. (14 Am.Jur., § 74, p. 47; *Trustees of Int. Imp. Fund* v. *Greenough,* 105 U.S. 527 [26 L.Ed. 1157]; *Estate of Marre,* 18 Cal.2d 191 [114 P.2d 591]; see, also, notes 49 A.L.R. 1149; 107 A.L.R. 749].)" (*Winslow* v. *Harold G. Ferguson Corp.,* 25 Cal.2d 274, 277 [153 P.2d 714].) And at page 283: "[The] long prevailing rule in equity . . . allows such charge as a proper means of securing contribution from those entitled to participate in the benefits of the litigation. And such counsel fees are customarily made senior to other claims against the fund. (*Scott* v. *Superior Court,* 208 Cal. 303 [281 P. 55].) . . . Where a lawyer has rendered such valuable service as to make available a fund for a class, *even though he appeared for only one claimant,* it is equitable that his compensation and expenses should come from the entire fund saved for all classes concerned before it is distributed. (*Sprague* v. *Ticonic Nat. Bank,* 307 U.S. 161 [59 S.Ct. 777, 83 L.Ed. 1184].) Counsel's right to compensation under such circumstances arises from the benefit conferred upon those who would have suffered loss but for his timely intervention, and not by reason of an agreement to pay his fees. . . . As is stated in *Estate of Marre,* 18 Cal.2d 191, 192 [114 P.2d 591]: 'Plaintiffs who have succeeded in protecting, preserving or increasing a fund for the benefit of themselves and others may be awarded compensation from the fund for the services of their attorneys.' This principle is derived from the equitable concept that where one of a

group·has borne the cost of litigation resulting in benefit to the entire group, the latter should contribute to such expenses. (*Nolte* v. *Hudson Nav. Co.*, 47 F.2d 166; *O'Hara* v. *Oakland County*, 136 F.2d 152].)

"Not only is it established that the litigant is entitled to be compensated for the expense he has incurred in the prosecution of such an action, but *there is created in favor of the attorney who renders the service an equitable lien against the fund so preserved.* (*Central Railroad & Bkg. Co.* v. *Pettus*, 113 U.S. 116 [5 S.Ct. 387, 28 L.Ed. 915]; *Colley* v. *Wolcott*, 187 F. 595 [109 C.C.A. 425]; *Muskegon Boiler Works* v. *Tennessee Valley I. & R. Co.*, 274 F. 836.)

"These equitable considerations sustain appellant's position as to the *priority* of his claim against the trust fund. . . . Nor on equitable considerations should the claim of the federal government for income taxes accrued *before* the commencement of this action stand on a distinguishable level in relation to appellant's allowance for counsel fees for preservation of the fund. *The latter,* viewed as an expense of judicial administration in making the trust assets available for distribution to claimants, should properly *take priority.*" (Emphasis added; *Winslow* v. *Harold G. Ferguson Corp., supra*; see, also, Restatement, Restitution, § 105.)

I can see no reason why the rule announced in the authorities above cited should not be applicable to a situation such as that presented in the case at bar. Certainly all of the elements necessary to bring such rule into operation are present here and I can see no reason why it should not be invoked in the interests of justice.

For the foregoing reasons I would affirm the award.