269 P.2d 881]

[L. A. No. 23082. In Bank. May 11, 1954.]

INDUSTRIAL INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and DOYLE WYATT, Respondents.

Leonard, Hanna & Brophy and Edmund D. Leonard for Petitioner.

Everett A. Corten, Gordon W. Winbigler and T. Groesinger for Respondents.

EDMONDS, J.—The question presented in this proceeding to review an award of the Industrial Accident Commission is the same as that in *R. E. Spriggs, Inc.* v. *Industrial Acc. Com., ante,* p. 785 [269 P.2d 876].

Doyle Wyatt, a farm laborer in the employ of Norman Potter, doing business as Potter Nursery, sustained a compensable injury as a result of the assertedly negligent operation of an automobile by a third party. Wyatt settled his claim for damages against the third party for $1,000. Of that amount, $215.93 was paid to the employer's insurer in satisfaction of a lien for previous compensation expenditures. Wyatt's attorney received $357.50 for attorney's fees. The Industrial Accident Commission deducted from the credit allowed the employer's insurer the amount paid by Wyatt as an attorney's fee, allowing only $426.57 plus a credit of $112.64 for prior disability payments.

For the reasons stated in the Spriggs case, that portion of the award crediting Industrial Indemnity Company with only $539.21 is annulled, with directions to the commission to increase the amount to $896.71; in all other respects, the award is affirmed.

Shenk, J., Traynor, J., Schauer, J., Spence, J., and Bray, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.

CARTER, J.—I dissent for the same reasons stated by me in *R. E. Spriggs, Inc.* v. *Industrial Acc. Com., ante,* p. 785 [269 P.2d 876]. In addition, however, this case squarely presents the wholly unjust situation mentioned by me in my dissent in *Dodds* v. *Stellar,* 30 Cal.2d 496 [183 P.2d 658]. I there said that as a result of denying the employee the right to deduct counsel fees incurred in recovering from the tort feasor, the employee might well receive less than the workmen's compensation payable to him. That result is reached here despite the legislative amendments designed to alleviate the injustice. Here the compensation amounted to $896.71. The employee received $1,000 in settlement from the tort feasor. He had to pay his attorney $357.50 leaving a balance of $642.50, thus receiving less than the compensation to which he was entitled.