[Civ. No. 23613.   Second Dist., Div. One.   May 26, 1959.]

FRED M. RIVAS, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Alfred D. Haines and Zimmerman & Stevens for Petitioner.

Everett A. Corten, Edward A. Sarkisian and Herlihy & Herlihy for Respondents.

NOURSE, J. pro tem.*—This is a proceeding to review, at the petition of Fred M. Rivas, an applicant for workmen's compensation, an award of the respondent commission.

The sole question presented is: Has the respondent commission power to deduct from the credit to which a compensation insurance carrier is entitled under section 3861 of the Labor Code, attorneys' fees paid by the applicant for legal services rendered in the prosecution and compromise of an action against a third party, in cases where the carrier has contracted with the applicant's attorney to represent it in the prosecution of the said action. We have concluded that this question must be answered in the negative.

The facts: Rivas, petitioner here, on November 3, 1955,

*Assigned by Chairman of Judicial Council.

sustained an injury arising out of and in the course of his employment. As a result, his employer's compensation carrier, the respondent Industrial Indemnity Company hereinafter called "Industrial," paid compensation in the form of medical treatment furnished the employee and weekly compensation disability benefits.

The injury in question was sustained in a highway accident and Rivas employed an attorney to prosecute an action against a third party to recover damages for the third party's negligence, which he alleged was the proximate cause of his injury. He entered into a contract with this attorney to pay him a contingent fee. There is no express statement in the record here as to the basis upon which that fee was to be determined.

After the action had been commenced, Industrial entered into an agreement with Rivas' attorney to represent it "in connection with subrogation recovery on subject claim." This contract was evidenced by a letter written by Industrial to claimant's attorney which reads as follows:

"You are hereby authorized to represent Industrial Indemnity Company in connection with subrogation recovery on subject claim. We hereby agree to a fixed fee of one-third of our lien claim, whether the recovery is made by settlement, or if the case goes to pre-trial.

"Our expenditures to date are as follows: Compensation $1,390.90, and our medical expenses up through January 29, 1957 are $1,871.43, our total expenditures are $3,262.33. Copies of the more recent medical bills are attached.

"In view of your fees in this matter, we are not inclined to compromise our lien. Please keep us advised of your proceedings, and forward a copy of the Complaint to us. Thank you."

Shortly after this arrangement between Industrial and applicant's attorney was made, a compromise of the action was consummated under which the third party defendant paid the sum of $8,397.82 in full settlement of the claims made against him. Of this amount $3,262.33 was paid to Industrial which in turn paid the applicant's attorney as fees $1,087.44 plus $134.10, one-third of the costs incurred in the prosecution of the action. The sum of $5,135.49 was paid to the petitioner Rivas. From this sum he paid to his attorney the sum of $1,795.16 in satisfaction of the attorney's claim for fees and costs advanced.

After the compromise was effectuated petitioner filed an application before the respondent commission. Upon this

application he was awarded permanent disability compensation of $32.78 per week for 182 weeks but Industrial was allowed a credit against the amounts payable by it on account of permanent disability of $5,135.49, that being the gross amount (after deducting the payment to Industrial in satisfaction of its lien rights) received by petitioner under the compromise.

Petitioner asserts that credit should only have been allowed in the amount of $3,340.33, that being the net amount retained by him after the payment of attorney's fees and costs. In other words, it is petitioner's contention that Industrial should be charged not only with the attorney's fees which it had contracted to pay, but with the attorney's fees which petitioner had paid under his contract.

The rights of the parties are governed by sections 3860 and 3861 of the Labor Code as those sections were amended in 1957. These sections as amended in 1957 read as follows:

"§ 3860. Notice before release or settlement; employer's claim for reimbursement; attorney's fees.

"No release or settlement under this chapter is valid and binding without notice to both employer and employee and opportunity to the employer to recover the amount of compensation he had paid or become obligated to pay. The entire amount of such settlement, or of any settlement without suit, is subject to the employer's full claim for reimbursement for his compensation expenditures and liability; *provided, however, that where the employer has not prosecuted any claim or action in his own behalf or has failed to join and participate in the prosecution of any action presented by the employee or has not made arrangements with the employee's attorney to represent him in the prosecution of said action or claim, the commission shall fix a reasonable attorney's fee, which shall be fixed as a share of the amount actually received by the employer, to be paid to the employee's attorney on account of the services rendered by him in effecting a recovery for the benefit of the employer, which said fee shall be deducted from any amounts due to the employer.*

"§ 3861. Credits against employer's liability for compensation; amount of recovery by employee.

"The commission is empowered to and shall allow, as a credit to the employer to be applied against his liability for compensation, such amount of any recovery by the employee for his injury, either by settlement or after judgment, as has not theretofore been applied to reimburse the employer, or has not been applied to the payment of an attorney's fee to the em-

ploye's attorney, pursuant to the provisions of Sections 3856 *and 3860* of this code."[1]

Prior to the amendments of these sections the Supreme Court in *R. E. Spriggs, Inc.* v. *Industrial Acc. Com.*, 42 Cal. 2d 785 [269 P.2d 876], held that the commission did not have power under section 3860 of the Labor Code to deduct from the credit to which an employer was entitled under section 3861 of the Labor Code, any amount expended by the employee as expenses of litigation or attorney's fees. We think it is self-evident that the commission remains without power so to do in any case in which the employer has either (1) prosecuted an action against the third party tortfeasor (2) joined or participated with the employee in the prosecution of such an action or (3) made arrangements with the employee's attorney to represent him in the prosecution of such an action or claim, for under section 3860 as amended it is only where none of the three elements that we have set forth exist, that the commission is authorized to deduct from the credit to which the employer is entitled, any portion of the fees paid by the employee to his attorney.

Petitioner asserts, however, that no arrangements were made with his attorney for fees with relation to anything other than the recovery by Industrial of the amount to which it would have been entitled to a lien upon a judgment against the tortfeasor had the action been tried rather than compromised. We see nothing in the facts or in the statute which will uphold this contention.

At the time the contract between Industrial and petitioner's attorney was entered into, Industrial was subrogated to all of petitioner's rights against the third party which subrogation could have been enforced by individual action or by joining with petitioner in the prosecution of the action and agreeing with petitioner's attorney to represent it in the prosecution of the action. In either event it would be entitled to enforce its subrogation rights through a lien upon the judgment and entitled to the direct payment of the amount of its lien from the judgment debtor (Lab. Code, § 3856). It would have been further entitled to have credited against any liability for the payment of compensation which was not satisfied by the payments received from the judgment debtor, the entire amount received by petitioner from the judgment debtor. Its rights

---

[1]The italicized portions of the above sections are the matters which were added thereto by the amendments of 1957. The remaining portions are the statutes as they existed prior to those amendments with one minor exception which is not material here.

were not changed by the fact that the action was not tried but, compromised for it had participated in the action and had made arrangements with petitioner's attorney for representation in the action. By its arrangements its liability for attorney's fees was fixed at a percentage of a fixed amount, the amount expended to the date of the compromise by Industrial for compensation to or for the benefit of petitioner. If the arrangement had been to pay a fixed sum, such as $100 as fees to the attorney, the result would have been no different as the commission was without power to fix the terms of the arrangement between Industrial and the attorney. If any inequity to petitioner has resulted it arises from the application of his contract with his attorney. Petitioner was under no compulsion to compromise the action and was at liberty to refuse to compromise unless Industrial agreed to pay a proportion of the attorney's fee based upon the entire benefit received by it from the compromise or his attorney agreed to accept the fee he had contracted for with Industrial in full for his compensation. If the fact that the compromise redounded to the sole benefit of Industrial and that the attorney had agreed to prosecute the action and consequently the negotiations for the compromise for the fee fixed in his agreement with Industrial, rendered the fee fixed in the attorney's contract with petitioner unreasonable, that controversy was one to be settled between the petitioner and his attorney in a court of law and was one over which the Industrial Accident Commission had no jurisdiction.

To sum the matter up, Industrial was free to either prosecute its rights through its own attorney or to prosecute them through petitioner's attorney and to make such contract for fees as it saw fit, and having done so, the commission had no authority to charge it with any further fees.

The award is affirmed.

White, P. J., and Fourt, J., concurred.